LOVERING RICKETTS *vs.* VIOLETT RICKETTS.—*June* 1846.

Under the act of 1841, chap. 262, divorces *a mensa et thoro*, may be decreed in equity for cruelty of treatment—or excessively vicious conduct, abandonment, and desertion.

In a case of great cruelty, harsh usage, for a series of years, practised by the husband towards his wife, such a divorce will be decreed.

Where the income of the husband may be fairly estimated at nine hundred dollars per annum, alimony out of that income of one-third of its amount, for the maintenance of an aged wife, who has been compelled to abandon her home by his cruelty, is not unreasonable.

Ricketts *vs.* Ricketts.—1846.

The amount of alimony must depend on the circumstances of each case.

The court has power to compel the husband to pay a proper fee for retaining counsel, to aid the wife in the prosecution of the bill against him, for divorce and alimony.

Upon a bill filed for divorce and alimony, the defendant, the husband, having been summoned, and not appearing in the cause, proof being taken of his title to various items of leasehold property, upon petition of the wife, alleging, she was advised by her counsel, that it was in the power of her husband to alien the same, and the proceeds to secrete pending her bill, and so make null and void, to all practical purposes, any order for her maintenance, the court awarded an injunction, prohibiting him from alienating any part of the landed property or chattels in this State, of which she had given evidence.

Where the county court, by an interlocutory order, *pendente lite*, ordered the husband to pay a sum for her maintenance during the progress of the cause, it is error at the passage of the final decree to increase that allowance, by ordering a further sum in gross to be paid.

APPEAL from the Equity side of *Baltimore* county court.

The bill in this cause, was filed by the appellee against the appellant, on the 28th October 1843, for a divorce *a mensa et thoro*, and alimony. It alleged their marriage in 1812, the faithful conduct of the complainant; that her husband "hath for many years treated her with the grossest unkindness, insulting her with the falsest and most opprobious allegations and epithets, defaming her to others, and sometimes proceeding to assaults and blows upon her person; that he indulges in periodical excesses of intemperance, during which his conduct towards her is marked by the most outrageous and intolerable violence and abuse; and has also charged her with adultery, which she denies."

The defendant, the appellant, being summoned, and not appearing, an interlocutory decree was passed against him, and a commission ordered to take the complainant's proof. Under the commission a great variety of testimony was taken.

On the 30th April 1845, *Baltimore* county court, (LE GRAND, A. J.,) decreed, that the divorce *a mensa et thoro*, be granted as prayed, and that the defendant, *L. R.*, pay unto the plaintiff, *V. R.*, or to her order, during their natural lives, so long as they shall live separate and apart from each other, the annual sum of $300, payable half yearly; that is to say, $150 on the first day of May, and the like sum on the first day

of November, in every year, the first payment to be made on the first day of November next, the same being deemed a suitable alimony, having regard to the circumstances of the parties respectively, for her support and maintenance; and in case it should not be punctually paid, when demanded, the plaintiff may apply to this court to have the payment enforced. And it is further ordered, that each party be at liberty to apply, upon any future change of circumstances of the parties, or either of them, for such variation or modification of this decree as those future circumstances may indicate to be just. And it is further ordered, that the injunction heretofore issued in this cause, inhibiting the said *L. R.* from aliening the property therein referred to be continued, until the said *L. R.* shall, under the direction of this court convey unto *James B. George*, as trustee for the said *V. R.*, such property as shall be deemed by this court sufficient to yield to the said *V. R.*, at the county of *Baltimore*, the above named annual sum, free and clear from all charges and abatements for the collection and payment of the same. And it is further decreed, that the said *L. R.* do, and shall forthwith, pay unto the said *V. R.*, the sum of $200, the same being considered, together with the sum of $100, heretofore paid to her by order of this court, as a suitable allowance for her support and maintenance, since the said *Lovering Ricketts* withdrew from her his countenance and conjugal protection; and the further sum of $300, which is deemed a suitable allowance to her for the retaining of counsel, to defend her honor and maintain her interests in the present suit, and the suit instituted against her by her said husband, and which has been specially referred to in these proceedings; and it is further ordered, that the defendant pay all costs, &c.

The county court, although the defendant had never answered the bill of complaint, nor appeared to the suit, yet the court consented to hear his counsel in his behalf, at the argument of the cause.

The judge said, from the evidence taken under the commission, but one opinion could be formed of the conduct of the defendant to his wife, the complainant, and that is, that

it was of the most cruel and unmanly character. His counsel, however, has stated to the court, in way of excuse for his treatment of his wife, that on the subject of their conjugal relations, he is undoubtedly laboring under sad delusions. Taking this to be the fact, as though it had been regularly proven in the cause, it is nevertheless manifest, that such a disposition on the part of the husband, renders it unsafe for his wife longer to live with him, and it is clear beyond all doubt, that the wife has done nothing which renders her unworthy of his confidence and protection, and as it is his duty to furnish her the means of subsistence suitable to his condition in life, the court have thought, looking to his fortune, that the allowance of the sum of $300 per annum, would not be an improper provision for her, and have accordingly so decreed. As the duty of the husband to protect the honor and reputation of his wife, is even more urgent upon him, than that of providing her a decent support, and as he has assailed her honor and reputation, justice demands that the expenses to which she has been put in their defence should be paid by him, it has been so decreed. Allowance has also been made for her expenses during the separation. It has not been deemed necessary to cite any authorities in justification of the decree, inasmuch as there cannot be any doubt of the jurisdiction of the court, nor of the sufficiency of the estate of the husband to gratify, without unreasonable inconvenience to him, its requisitions.

From this decree, *L. R.* appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE and MARTIN, J.

By McLEAN for the appellant, and
By T. P. SCOTT and REVERDY JOHNSON for the appellee.

MARTIN, J., delivered the opinion of this court.

In this case, a bill was instituted by the appellee, under the act of Assembly of 1841, chap. 262, for a divorce *a mensa et thoro* from her husband, the appellant, and for alimony; on the ground, that she was cruelly treated by her husband.

The third section of the act of Assembly, conferring upon the chancellor and the county courts, as courts of equity, jurisdiction over divorces, declares : "That upon such petitions as aforesaid, divorces, *a mensa et thoro*, may be decreed, for the following causes : *first*, cruelty of treatment; *secondly*, excessively vicious conduct, abandonment, and desertion." And we are satisfied, that the testimony taken under the commission, has established a case of great cruelty and harsh usage, practiced by the husband for a series of years. It is clear, there-fore, that the decree for the separation of these parties, *a mensa et thoro*, is correct.

It appears that the court, in pronouncing their decree for a divorce, allotted the sum of three hundred dollars a year, as permanent alimony; and it has been contended by the counsel for the appellant, that the decree in this respect was erroneous, as the allowance was excessive.

The income of the appellant may be fairly estimated as amounting, at least, to the sum of nine hundred dollars, and the allotment out of that income of three hundred dollars *per annum*, for the maintenance of an aged wife, who has been compelled to abandon her home by the cruelty of the husband, cannot be justly regarded as unreasonable.

The amount of alimony to be allotted to a wife, who has proved herself entitled to a separate maintenance, must depend on the circumstances of each case. The law has laid down no exact proportion. It sometimes gives a third, sometimes a moiety. The object to which the attention of the court is directed, and at which it aims, is to secure to a wife, by a suitable provision, a certain and comfortable maintenance. This must be accomplished, no matter to what privations or inconveniences it may subject the guilty husband. Therefore it was said in the case of *Taylor against Taylor*, referred to in *Cooke against Cooke*, 2 *Phill. R.*, 40, "that the court always gives a larger proportion, where the income is small."

The sum of three hundred dollars a year, cannot be considered as more than sufficient, to provide for the appellee a suitable maintenance. It will be found, that the principles

announced in the case of *Cooke against Cooke*, already adverted to, sustain the correctness of the decree.

It has also been insisted that the decree is erroneous, in allowing the sum of three hundred dollars as a proper fee for retaining counsel in the defence and prosecution of the suits mentioned in the proceedings; not upon the ground, as we understood the counsel for the appellant, that the allowance was too large, but because the court had no right to allow to the appellee, any other than taxed costs.

We cannot admit the correctness of the rule as stated by the counsel. If true, it is apparent, that it would in many instances deprive the injured wife of the means of vindicating her rights. In *Denton against Denton*, 1 *Johns. C. Rep.*, 364, the chancellor held: " That pending a bill for a divorce, by a wife against her husband, and before answer, the court will allow a monthly sum to the wife as alimony, and also a sum, to be paid to her by her husband, towards defraying the expenses of the suit." The same doctrine is advanced in the case of *Mix against Mix*, 1 *Johns. C. Rep.*, 108, and establishes the propriety this allowance.

It follows from the views thus expressed, that we concur with the court below, in so much of the decree as relates to the divorce; to the allowance of three hundred dollars a year, as alimony; and to the allowance of three hundred dollars for counsel fees. But we think that the court erred in allotting the sum of two hundred dollars, in addition to the one hundred dollars, which the decree states was allowed by an antecedent order, as alimony, *pendente lite*.

The decree, therefore, is affirmed with costs, in all respects, except as to the two hundred dollars. In reference to this sum it is reversed, and the cause is remanded to *Baltimore* county, as a court of equity, for such further proceedings as the nature of the case may require.

DECREE REVERSED IN PART, AND

CAUSE REMANDED.