(Decided 4th February, 1892.)

---

SUSAN M. ROHRBACK *vs.* MARTIN N. ROHRBACK.

*Divorce—Allowance to Wife of Counsel fees and Costs.*

The Court may allow counsel fees and costs to a wife on her application, after an appeal has been taken by the husband from the decree dismissing his bill for a divorce.

APPEAL from the Circuit Court for Frederick County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, and FOWLER, J.

*Frederick J. Nelson,* for the appellant.

The following authorities were cited: *Robertson vs. Robertson,* 1 *Edw. Ch.,* (*N. Y.,*) 361; *Monroy vs. Monroy,*

1 *Edw. Ch.*, 382; *Merritt vs. Merritt,* 99 *N. Y.,* 643; *Rose vs. Rose,* 53 *Mich.,* 585; *Browne, Div. & Al.,* 263; 2 *Bishop on Marr. & Div.,* 394, 455, 460; *Cooper vs. Cooper,* 17 *Mich.,* 205; *Potts vs. Potts,* 68 *Mich.,* 495; *Ross vs. Griffin,* 53 *Mich.,* 8; *Anthony vs. Anthony,* 3 *Stockton Ch. Rep.,* (*N. J.,*) 70; *Jones vs. Jones, L. R.,* 2 *Prob. & Div.,* 336.

*William P. Maulsby, Jr.,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

A bill was filed in this case by the husband to obtain a *divorce a vinculo matrimonii,* on the ground of desertion by the wife. The case was heard on bill, answer and proof, and the Court below, being of opinion that the husband was not entitled to a divorce as prayed, dismissed the bill, and from the decree dismissing the bill, the husband took an appeal.

After the appeal had been taken, a petition was filed by the wife, alleging that she was entirely destitute of means to employ counsel, and to pay the costs incident to the appeal; that her husband was possessed of large and valuable property, consisting of real estate, stock in trade, bank stock, and private securities, amounting to between forty and forty-five thousand dollars, and while forbearing to ask for alimony, she prayed that her husband might be directed to pay to her, a reasonable sum of money for counsel fees and costs. This petition the Court dismissed, *without regard to its merits,* on the ground that, an appeal having been taken from the order dismissing the husband's bill, the Court had no longer any jurisdiction in the premises. The right of a wife to a reasonable allowance for counsel fees and costs in proceedings of this kind, is well settled in this Sate. This, indeed, was not and could not be disputed. So the only question here, is whether the·petition of the wife was

Rohrback *vs.* Rohrback.

too late, having been filed after an appeal from the one
dismissing the bill.    Now, the Code provides that appli-
cations for alimony "are to be heard and determined,"
in as full and ample manner as such questions could be
heard and determined by the Ecclesiastical Courts in
England.    And it is well settled that alimony may be
allowed to the wife on application by her, after an appeal
from an order or decree dismissing a bill in divorce pro-
ceedings.    This was decided in *Jones vs. Jones, L. R.*,
2 *Pro. & Div.*, 337.    In that case, an application was
made by the wife for alimony after an appeal had been
taken by her from an order dismissing her petition for
a judicial separation; and MELLOR, J., said: "As regards
alimony under such circumstances as the present, so long
as the wife continues a wife, there is no real reason why
she should not have alimony, and it is due to her until
on the petition there is a final decision against her."

And such seems to be the practice in this country.
2 *Bishop on Marriage and Divorce, sec.* 392.    The wife
could not, in fact, make application for counsel fees and
expenses incident to the appeal, until after the appeal
had been taken, because she could not have known in
this case, that the husband intended to appeal from the
decree of the Court below dismissing his bill.    And
although the appeal was taken, the Court still had juris-
diction of the parties, and having jurisdiction, it had
the power to determine the question as to the right of
the wife to an allowance for counsel fees and costs.

The order of the Court below dismissing her petition
was a determination by the Court as to her rights in the
premises, and from such an order an appeal will lie to this
Court.

*Order reversed, and*
*cause remanded.*

(Decided 4th February, 1892.)