MACK HARRIS *v.* MARTHA L. HARRIS.

[No. 18, October Term, 1930.]

*Decided December 4th, 1930.*

The cause was submitted on briefs to Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*U. Grant Tyler,* for the appellant.

*Edward A. Ferrari,* for the appellee.

Adkins, J., delivered the opinion of the Court.

A petition under oath was filed by appellee on March 15th, 1928, in the original case for the discharge and annulment of an enrolled decree on the ground of fraud practiced upon the court in inducing the court to assume jurisdiction in a divorce suit where neither of the parties was a resident of this state, the plaintiff alleging in the original bill of complaint that he was a resident of Baltimore, Maryland, and had been for more than two years, and that the defendant was a nonresident of Maryland. A decree of divorce *a vinculo matrimonii* was granted the plaintiff on an *ex parte* trial after a decree *pro confesso* against the defendant for failure to appear and answer after an order of publication. The petition alleges these facts and alleges further that the petitioner knew nothing of the divorce proceedings until January 9th, 1928, when she received notice from the Bureau of Pensions that her husband had, on December 8th, 1927, secured the divorce; that the decree was fraudulently and cor-

ruptly secured; that the proceedings were taken under cover secretly for the purpose of obtaining the divorce, the object being to free the plaintiff from the obligation of supporting the petitioner; that the plaintiff abandoned the petitioner; that the immediate reason for the attempt to secure the divorce was to prevent petitioner from receiving one-half of the pension allowed plaintiff by the United States Government; that the plaintiff is not, and was not at the time of instituting said suit, a resident of the State of Maryland, and that the alleged place of his residence, 600 George Street, is fictitious and does not exist in Baltimore, and that plaintiff knew his testimony as to his alleged residence was false; that the proceedings so taken were a deliberate fraud perpetrated upon the court and upon the defendant; that nothing has intervened since the passage of said decree by reason of which injury or prejudice to any one would result from the rescinding of the decree.

The prayer of the petition is (1) that the enrollment of the decree be discharged and the decree annulled; (2) that petitioner be permitted to file an answer to the bill of complaint; that plaintiff be required to answer the petition under oath; (3) for further relief.

On said petition an order was passed that the decree be annulled and set aside, and that the prayers of the petitioner be granted "provided a copy of this petition and order of court be served on the said Mack Harris, or his solicitor of record in this case, on or before the 20th day of March, 1928, so that the said Mack Harris may show cause, if any he has, on or before the 30th day of March, 1928, why said decree should not be annulled and why the prayers of the petitioner should not be granted."

On March 29th, 1928, an answer was filed by the respondent by his solicitor of record. On June 27th the said solicitor filed a motion that the "plaintiff in the original bill for fraud" be required to give security for costs. On which the court seems to have inadvertently passed a show cause order, overlooking the fact that there was no original bill for fraud, which order was stricken out on April 3rd, 1929, and at the

same time the court sustained the demurrer filed June 2nd, 1928, to the answer filed on March 29th, 1928, with leave to Mack Harris to file an answer under oath within fifteen days. It was not a proper answer, and while a motion of *ne recipiatur* would have been more appropriate, there was no prejudicial error in granting the demurrer. On May 1st, 1929, the respondent by his solicitors filed an "answer and demurrer," in which it is averred that before the petition was filed the respondent left the state and became a nonresident; "that when the summons or papers in the original cause in which this petition was filed was brought to the said U. Grant Tyler, he absolutely refused to accept them, though the sheriff left them and returned to the court, 'summoned'; that since the filing of the petition in the case the solicitor has not seen the said Mack Harris, and that the solicitor's connection with the case was severed by the termination of the cause and the enrollment of the decree, and "he filed this answer on his own behalf to set out his connection in this cause"; "that U. Grant Tyler moves this court to quash this return and for demurrer says that this petition is not sufficient in law.

And for special plea to the jurisdiction says:

1. That the court has not jurisdiction of the person of the petitioner herein, because she is a resident of the state of Virginia.

2. That the court has not jurisdiction of the person of the defendant here, because he is a nonresident of Maryland and has been continuously since January of 1928 and before the filing of the petition herein.

The answer further avers "that by fraud perpetuated upon him the summons or notice was left with the aforesaid U. Grant Tyler, over his protest and returned to this Honorable Court, summoned, when the said U. Grant Tyler refused to accept the service because his services were at an end in the cause and he had no definite knowledge of the whereabouts of the said Mack Harris."

U. Grant Tyler signs the paper as "solicitor of record in above cause, and on his own behalf and on behalf of a

former client." Some more pleading was attempted, still on the mistaken theory that the petition filed in the case was an original bill or cross bill; but finally, on February 7th, 1930, an order was passed that "all pleading in this cause subsequent to the answer of Mack Harris filed April 1st, 1929 (evidently should be May 1st, 1929), be and they are hereby stricken from the record, and that leave is hereby granted the petitioner, Martha L. Harris, to except to said answer of May 1st, 1929, or set the petition down for hearing without testimony, or to proceed to take testimony upon said petition and answer in accordance with the rules and practice in equity."

The intermediate proceedings, stricken from the record by said order of February 7th, 1930, were a decree *pro confesso,* filed December 27th, 1929, against Mack Harris, designated therein as "the defendant in the cross bill"; a petition to strike out said decree *pro confesso* and a show cause order thereon; and an answer to said last mentioned petition.

In pursuance of the order of February 7th, 1930, testimony was taken in open court, on April 16th, 1930, the parties being represented by their respective solicitors; and at the conclusion of the hearing the chancellor passed an order "that the decree of divorce *a vinculo matrimonii* entered in these proceedings on December 7, 1927, be and the same is hereby discharged and annulled, and that the enrollment thereof is hereby stricken out * * * and that the original bill for divorce, filed in these proceedings by Mack Harris, the complainant, be and the same is hereby dismissed." This appeal is from that order.

The questions presented by the appeal as conceived by appellant and stated in his brief are:

"1. Was the rule for the security of costs properly denied? 2. Was the motion to quash the return properly ignored? 3. Was not the respondent in this cause denied due process of law in not deciding the motion and the court assuming jurisdiction and deciding the case on its merits; 4. Was not the admission in evidence of the deposition taken in Washington, D. C., without the jurisdiction of the court

and without an agreement of counsel or an order of the court appointing a commission, a denial of due process of law? 5. Was the evidence as a whole sufficient to show such a degree of fraud as to vitiate the proceedings? 6. Was the cause standing on the pleadings without evidence sufficient to establish fraud in the procuring of the decree of divorce?"

As to No. 1. The rule security for costs was properly denied. Section 189 of article 16 of the Code has relation only to a nonresident plaintiff. This is not an original bill, but a petition filed in a case where the respondent was the plaintiff. *Chappell v. Chappell,* 86 Md. 532. The proceeding to have the decree rescinded in a case of this sort was properly taken by petition filed in the original suit. *Foxwell v. Foxwell,* 122 Md. 263.

2. The record does not show that there was a motion to quash the sheriff's return except in a paragraph of the answer and demurrer filed on May 1st, 1929. If such a motion thus made was in proper form to be considered by the court, it should have been overruled. The order on the petition properly directed a copy of the petition and order to be served on the plaintiff or his solicitor of record, and the docket entries show, and the answer admits, that it was served on the solicitor of record. When application for rescission is made in the same court that rendered the decree, the notice may be served on the solicitor who represented the plaintiff. *Nelson on Divorce and Separation,* sec. 1057.

There is a *prima facie* presumption that solicitors of record continue to represent the parties for whom they appear. When the fact of such representation is challenged by the solicitor in proceedings arising after the termination of the original suit, authority *vel non* becomes a question of fact to be determined by the court. In the present case the conduct of Tyler in filing an answer for the plaintiff, and continuing to appear for him through the entire proceedings under defendant's petition, notwithstanding his disavowal of authority, was a circumstance which the chancellor had the right to consider in determining this question.

3. This question is answered by what is said in No. 2.

There was no prejudicial error in ignoring the motion, especially in the form and manner it was made.

4. The deposition taken in Washington, D. C., was taken under section 17 of article 35 of the Code, which requires certain notice to be given to the opposite party or his solicitor. There was a conflict of testimony whether the notice was actually served on plaintiff's solicitor. The chancellor seems to have found as a fact that it was served, and we have no disposition to disturb that finding. Plaintiff admitted that he saw the notice at the clerk's office. But the notice was given and the deposition was taken at a time when there was outstanding a decree *pro confesso* against the plaintiff, and when he was not in a position to intervene in the taking of testimony. He was therefore deprived of his right of cross-examination. As the decree *pro confesso* was subsequently stricken out, the deposition taken at a time when the plaintiff was under a disability should not have been admitted. Besides, the deposition should not have been taken while there was pending a motion to strike out the decree *pro confesso* and an order *nisi* thereon. But there was no exception reserved to this ruling.

5. The evidence as a whole is not satisfactory. There is a failure to identify the Mack Harris, of whom the Washington deponent testified, as the plaintiff in this case. The only other testimony that the plaintiff was a nonresident of Baltimore at the time, and for two years before the bill of complaint was filed, was that of witnesses who testified that there was no such street number as that given in his testimony in the divorce proceedings, and the testimony of the petitioner that she "heard he was not a resident," that "he always told me he wasn't a resident." But she further testified that she had not seen her husband for nine years; that he had only answered one of her letters, and that indirectly in a letter to his cousin, which letter was not produced or accounted for, nor its approximate date given.

6. It is not necessary to answer this question as the case was not decided on the pleadings.

In our opinion this case should be remanded for further

proceedings without reversing or affirming. In the present state of the record we are unable to reach any satisfactory conclusion. It appears from the record, at least it is indicated, that the plaintiff collects a pension from the Pension Bureau at Washington. It should be practicable therefore to connect him with the man of whom the Washington witness deposed, if he is the same person. It should also be a simple matter for his solicitor of record to get in touch with him through the Bureau of Pensions, if, in fact, he cannot otherwise locate him. And, if the chancellor should feel that the ends of justice require it in this case, it would no doubt be within his discretion to require the appellee to give the appellant such notice of this proceeding as is possible by the exercise of reasonable diligence.

> *Case remanded for further proceedings, without affirming or reversing. Costs to abide the result.*