## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND v. GERALD NÉY KLAUBER

[Misc. Docket (Subtitle BV) No. 16, September Term, 1978.]

*Decided January 18, 1979.*

*James A. Frost, Assistant Bar Counsel,* for petitioner.

*Michael E. Marr* and *Joseph L. Evans* for respondent.

SMITH, J., delivered the opinion of the Court.

We once again are faced with a request from Bar Counsel on behalf of the Attorney Grievance Commission of Maryland that we suspend Gerald Ney Klauber (Klauber), a member of the bar of this Court, under Maryland Rule BV16 because of his conviction on June 22, 1978, in the United States District Court for the District of Maryland of violations of 18 U.S.C. § 1341, Mail Fraud, and 18 U.S.C. § 1962, Racketeering, which crimes are felonies under federal law. *See Attorney Griev. Comm'n v. Klauber,* 283 Md. 597, 391 A. 2d 849 (1978), for an earlier such request.

The prior request for a suspension under Rule BV16 could only have been granted had we found Klauber to have been convicted of a crime involving moral turpitude. We held in that case that under the instructions given to the jury in the United States District Court it might follow "that the jury *could* have found Klauber guilty without finding an intent on his part to defraud." (Emphasis in the original.) We said that since his appeal was still pending (as it continues to be), we could not, at that point in time, say, "particularly before the Fourth Circuit speaks, that Klauber necessarily stands convicted of a crime involving moral turpitude." We pointed out that on May 5, 1978, effective July 1, 1978, we amended Rule BV16 to permit suspension of an attorney upon conviction of certain crimes which include a conviction "in any federal court of a felony, unless the same crime also is a crime under Maryland law and is not a felony . . . ." We said in denying the petition, "[W]e do not pass upon whether Klauber would be subject to suspension upon the timely filing of a petition under the revised Rule BV16 since the matter is not before us." This petition is under the revised rule. Hence, the matter is now before us.

In adopting the new Rule BV16 we did nothing to indicate that it was to be applied retrospectively to acts occurring prior to its effective date. Klauber contends vigorously that the present Rule BV16 should not be applied to a conviction which took place before the effective date of the rule. Whether the rule may be applied retroactively must be determined by the same standards which are used relative to an act of the General Assembly. In *St. Comm'n on Human Rel. v. Amecom Div.,* 278 Md. 120, 360 A. 2d 1 (1976), Judge Levine said for the Court on the matter of retroactivity:

A retroactive statute is one which purports to determine the legal significance of acts or events that have occurred prior to the statute's effective date. *See* Greenblatt, *Judicial Limitations on Retroactive Civil Litigation,* 51 Nw.U.L.Rev. 540, 544 (1956). Thus a statute, though applied only in legal proceedings subsequent to its effective date and in that sense, at least, prospective, is, when applied so

as to determine the legal significance of acts or events that occurred prior to its effective date, applied retroactively.

\* \* \*

There is, of course, no absolute prohibition against retroactive application of a statute. If the Legislature intends that a law affecting rights or matters of substance operate retrospectively, that intent will be given effect so long as constitutional prohibitions are not violated. *Janda v. General Motors,* 237 Md. 161, 169, 205 A. 2d 228 (1964). Because of the potential for interference with substantive rights, however, and because of the resulting prejudice against retroactive application, the presumed intent is that statutes operate prospectively and are to be construed accordingly. [Citing cases.] Nevertheless, if the statute contains a clear expression of intent that it operate retrospectively [citing cases] or the statute affects only procedures or remedies [citing cases], it will be given retroactive application. [*Id.* at 123-24.]

Obviously, in this case application of the rule to Klauber's conviction prior to the effective date of the rule would be "to determine the legal significance of acts or events that [have] occurred prior to the [rule's] effective date." Since there is no indication that it was our intent in adopting the revised Rule BV16 that it be applied to convictions taking place prior to its effective date, it follows that we may not use it for the purpose of suspending Klauber. Hence, the petition must be denied.

*It is so ordered.*