# APOSTOLOS GEORGE PAPPAS *v.* NORMA C. PAPPAS

[No. 93, September Term, 1979.]

*Decided April 21, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Bruce A. Kaufman,* with whom were *Thomas Carey Ries* and *Miller, Rosenthal, Pittler & Kaufman, P.A.* on the brief, for appellant.

*Norma C. Pappas,* in proper person, appellee.

SMITH, J., delivered the opinion of the Court.

We shall here hold that the Court of Special Appeals was

but partially correct when it dismissed two appeals in this case under the provisions of Maryland Rule 605 a.[1]

The appeals before the Court of Special Appeals were by Dr. Apostolos George Pappas from orders of the Circuit Court for Baltimore County in litigation between him and his wife, Norma C. Pappas. In the first appeal he claimed that the chancellor erred when he granted a divorce a vinculo matrimoni to Mrs. Pappas, dismissed the bill of Dr. Pappas for divorce a mensa et thoro, and failed to award the custody of the children of the parties to Dr. Pappas. The appeal was from a decree which divorced Mrs. Pappas from her husband a vinculo matrimoni; awarded her permanent alimony with "the amount thereof being reserved and subject to the continuing jurisdiction and further Order of [the] Court"; awarded the permanent care and guardianship of the minor children of the parties to Mrs. Pappas with, however, the "custody of the minor children ... be[ing] retained by the Court"; stated that Dr. Pappas should contribute monetary child support to Mrs. Pappas, the amount, however, "being reserved, and subject to the continuing jurisdiction and further Order of [the] Court"; ordered that neither of the parties should remove any of the children of the parties "from the State of Maryland or from the Continental United States, without prior hearing and without the prior Order of [the] Court"; directed that all passports of the children should be surrendered to the Clerk of the Circuit Court for Baltimore County for safekeeping and that no further application for passports for the children should be made without prior hearing and prior written order of that court first had and obtained; directed that Dr. Pappas "pay and contribute toward the counsel fee of Norma C. Pappas' solicitors of record and her suit money, such sum as sh[ould] [later] be determined" by the court; retained continuing jurisdiction of the matter of division of personal property and monies of the parties; and dismissed the bill of complaint of Dr. Pappas. No application was made to the

---

1. The attorneys for Dr. Pappas in this Court did not represent him in the Circuit Court for Baltimore County.

trial judge for an order entering a final judgment pursuant to the provisions of Rule 605 a.

Subsequent to entry of the divorce decree, Mrs. Pappas filed a petition in the trial court in which she referred to the fact that Dr. Pappas continually harassed her; pointed to his earning capacity as testified to in the proceedings; asserted that although the court had said it would render a temporary alimony and support order "until it could adjudicate, finally, the amount of permanent alimony and support" to which she might be entitled, approximately two months had elapsed without any such temporary order; said that no alimony or support had been ordered by the court nor had any sums been paid voluntarily to her by Dr. Pappas, and prayed the court to pass "an immediate injunction against harassment" as well as an "order [for] immediate temporary allowance of support and alimony . . . ." An ex parte order was passed enjoining Dr. Pappas from harassing his wife or his children or confronting or communicating with Mrs. Pappas except through counsel "or from in any way intimidating, assaulting, or threatening her or telephoning her" and for the payment of $400 per week as alimony pendente lite and support pendente lite for the minor children of the parties. Dr. Pappas appealed from that also.

The two appeals reached the Court of Special Appeals in one record. Ex mero motu that court raised the issue of Rule 605 a. It dismissed the appeals in an unreported opinion (No. 708, September Term, 1978, filed July 19, 1979), stating:

> An examination of the record in this case reveals that there are as many claims remaining unsettled by the trial court's decree as there are issues that have been determined. If jurisdiction existed at this time, we can conceive of a series of appeals which might well keep the litigants in this case (and this Court) busy for the foreseeable future. Our responsibility in this case is clear. We are required by rule and case law to recognize our lack of jurisdiction and to dismiss the appeal. *See Eastgate Associates v. Apper,* 276 Md. 698 [, 350 A.2d 661 (1976)].

Our grant of the writ of certiorari in this case was limited solely to the question of whether the Court of Special Appeals erred in dismissing the appeals, holding that they were barred by Rule 605 a.

I

The right of appeal is granted in Maryland from two types of orders or judgments. Code (1974) § 12-301, Courts and Judicial Proceedings Article, states in pertinent part:

> Except as provided in § 12-302, a party may appeal from a *final* judgment entered in a civil ... case by a circuit court. The right of appeal exists from a *final* judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law. (Emphasis added.)

The exceptions to the right of appeal set forth in § 12-302 are not applicable to this proceeding. Code (1974) § 12-101 (f), Courts and Judicial Proceedings Article, defines "final judgment" as meaning "a judgment, decree, sentence, order, determination, decision, or other action by a court, including an orphans' court, from which an appeal, application for leave to appeal, or petition for certiorari may be taken." Judge Digges pointed out for the Court in *Peat & Co. v. Los Angeles Rams,* 284 Md. 86, 91, 394 A.2d 801 (1978), "[A]s this definition implies, it is ultimately for this Court to decide which judgments or orders are final and therefore appealable under section 12-301. *Warren v. State,* 281 Md. [179,] 183, 377 A.2d [1169,] 1171 [(1977)]." Maryland Rule 5 o says, " 'Judgment' means judgment at law, decree in equity and any other order of court final in its nature."

Rule 605 a states:

> Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the

court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims.

The right of appeal from certain interlocutory orders is granted in § 12-303. It states in pertinent part:

A party may appeal from any of the following interlocutory orders entered by a circuit court in a civil case:

\* \* \*

(c) An order:

(1) Granting or dissolving an injunction, but if the appeal is from an order granting an injunction, only if the appellant has first filed his answer in the cause.

\* \* \*

(5) For ... the payment of money ....

\* \* \*

(10) Depriving a parent ... of the care and custody of his child ....

## II

We turn first to consideration of the attempted appeals by Dr. Pappas from the order denying him custody of his children, the injunction against harassing his wife, and the order directing payment of $400 per week as alimony pendente lite and support pendente lite for the minor

children of the parties. It will be noted that the appeals permitted under § 12-303 from interlocutory orders include those from the granting of an injunction, for the payment of money, or depriving a parent of the care and custody of his child. In the matter of an appeal from the granting of an injunction the statute specifies that such an appeal may be entered "only if the appellant has first filed his answer in the cause." In this instance the answer was filed the day before the entry of the order for appeal.

In *Funger v. Mayor of Somerset,* 244 Md. 141, 223 A.2d 168 (1966), it was argued that Rule 605 a superseded the provisions relative to appeals from interlocutory orders in what is now § 12-303. Chief Judge Hammond there referred for the Court to our rulemaking power under what is now Maryland Constitution Art. IV, § 18 and the fact that under that section the General Assembly may rescind, change or modify a rule of this Court. He then went on to say for the Court:

> Section 35 of Art. 5 (Code, 1951), before its repeal and the enactment in lieu thereof of a new Art. 5, contained a provision making appealable an order refusing to grant an injunction and if Rule 605 a be assumed to have superseded that provision in multiple claims actions, it seems clear that the 1957 action of the Legislature restored the situation to where it was before Rule 605 a was passed. In enacting Ch. 399 the Legislature was concerned directly and precisely with the interplay of its statutes and the rules of the Court of Appeals. In that enactment it repealed statutes which were made ineffective or obsolete by the new rules and preserved or newly enacted the statutes it desired to be still effective. Under the circumstances it must be presumed that with full knowledge of Rule 605 a and its possible impact on the right to appeal the refusal of an injunction in multiple claims actions, the Legislature enacted § 7 of Art. 5 to provide for immediate appeals from the refusal of an injunction without expressly excepting such refusals in

multiple claims cases. We think the right of appeal in the classes of actions enumerated in § 7 is general and not affected by Rule 605 a. [*Id.* at 150.]

Orders for the payment of alimony or child support are not expressly covered by the statute. However, our cases make clear that such orders are orders "[f]or . . . the payment of money" under § 12-303. For instance, in *Chappell v. Chappell,* 86 Md. 532, 39 A. 984 (1898), the Court was faced with that very question in construing the predecessor of the present statute. The Court held that such an order was one directing money to be paid within the purview of Code (1888) Art. 5, § 25, the predecessor statute, stating:

There can be no doubt whatever that a Court of Equity has power to allow alimony to a wife pending a suit for divorce; nor can its authority to require the husband to pay her counsel fees and the costs of the proceeding be disputed. These are not now open questions in Maryland. The amount allowed is regulated by the circumstances of each case and is usually said to rest in the Chancellor's sound discretion. But it by no means follows that this discretion is never open to review. So far from this being so, it has been held on appeal from the final decree that the *amount* allowed for alimony may be curtailed (*Ricketts v. Ricketts,* 4 Gill, 105 [(1846)], and where an allowance was refused upon an application made to the lower Court after final decree and after the record had been transmitted to this Court on an appeal from the final decree, it was held that an appeal would lie from such refusal. *Rohrback v. Rohrback,* 75 Md. 317 [, 23 A. 610 (1892)]. It is not perceived how, if an appeal will lie from an order refusing to allow alimony, none can be entertained from an improvident order making such an allowance. . . . Certain it is, an order to pay alimony and an order to pay counsel fees are orders to pay money, and from an order to pay money (other than an order to pay money to a receiver) the

25th sec. of Art. 5 of the Code, in express terms allows an appeal. [*Id.* at 536-37 (emphasis in original).]

It follows from what we have said that the Court of Special Appeals erred when it dismissed so much of the appeal from the decree as involved custody of the children and when it dismissed the appeal from the subsequent order granting an injunction and directing the payment of certain sums, since these were such appeals from interlocutory orders as are expressly permitted by statute. Rule 605 a is in no way applicable to them.

### III

We turn next to consideration of the dismissal of the appeal of Dr. Pappas from the decree granting his wife a divorce a vinculo and denying his bill for a divorce a mensa. It will be noted that the decree did decide "less than all of the claims" before the trial court since it left open the amount of permanent alimony to be paid, the amount to be paid for child support, the sum to be paid for counsel fees, and the matter of division of the personal property and the monies of the parties. For purposes of this opinion it is not necessary for us to determine whether the reservation of the amount of counsel fees or the reservation of the amount of alimony and support without more would render the decree other than final. It is sufficient for our purposes to hold that where the issue of property division, the amount of counsel fees, *and* the amount of alimony and support remain to be determined, the judgment was not final.

There is nothing new about the fact that appeals in Maryland, with the exceptions to which we have previously referred in § 12-303, must be from a final judgment or decree. In *Chappell* Chief Judge McSherry said for the Court:

Prior to the passage of various statutes restricting the right of appeal in chancery proceedings an appeal could be taken from any interlocutory decree or order. *Gover v. Hall,* 3 H. & J. 43 [(1810)]. By the

Act of 1830, ch. 185, appeals were disallowed from all decrees other than those which were final, or in the nature of final decrees; but the Act of 1841, ch. 11 (which is incorporated in sec. 25 of Art. 5 of the Code) modified the Act of 1830 and gave an immediate appeal from an order directing the payment of money unless such payment was required to be made to a receiver. This provision has been the law of Maryland since 1841 . . . . [*Id.* 86 Md. at 537.]

We extensively discussed Rule 605 a in *Blocher v. Harlow,* 268 Md. 571, 303 A.2d 395 (1973), and *Lang v. Catterton,* 267 Md. 268, 297 A.2d 735 (1972). We noted that the federal counterpart is Fed. R. Civ. P. 54 (b). We referred to *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 435-36, 76 S. Ct. 895, 100 L. Ed. 1297 (1956), where Mr. Justice Burton discussed the federal rule for the Court, stating that a trial judge is expected to be the "dispatcher" and "to determine, in the first instance, the appropriate *time when each 'final decision'* upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal." (Emphasis in original.)

Judge Digges elaborated for this Court on the role of the dispatcher in *Diener Enterprises v. Miller,* 266 Md. 551, 295 A.2d 470 (1972):

As a guide to trial judges, we suggest that when they contemplate utilizing the provisions of Rule 605 a to enter an appealable judgment they exercise considered discretion. In doing so, they should balance the exigencies of the case before them with the policy against piecemeal appeals and then only allow a separate appeal in the very infrequent harsh case. [*Id.* at 555-56.]

That a trial judge does not have unbridled discretion in such matters is illustrated by *Biro v. Schombert,* 285 Md. 290, 402 A.2d 71 (1979), where we held that a judge erred in entering summary judgment on *part* of a claim and certifying it for appeal.

Dr. Pappas suggests that divorce cases are an exception to the rule. We use the same standards for interpreting rules as are used for interpreting statutes. *Bartell v. Bartell,* 278 Md. 12, 17, 357 A.2d 343 (1976). Also, *see generally Attorney Griev. Comm'n v. Klauber,* 284 Md. 306, 307, 396 A.2d 253 (1979). A court may not under the guise of interpretation insert or omit words to make a statute express an intention not evidenced in its original form. *Schmidt v. Beneficial Fin. Co.,* 285 Md. 148, 155, 400 A.2d 1124 (1979), and *Harden v. Mass Transit Adm.,* 277 Md. 399, 406, 354 A.2d 817 (1976). There is no exception in this rule for divorce cases.

Dr. Pappas relies upon *Pettit v. Pettit,* 60 Ill. App. 3d 375, 376 N.E.2d 782 (1978). Illinois has a rule similar to our Rule 605 a. Close reading of *Pettit* shows it not to be inconsistent with our holdings since the sole issue reserved there was the question of attorney's fees. In other words, it was much like *Concannon v. State Roads Comm.,* 230 Md. 118, 125, 186 A.2d 220 (1962), where Chief Judge Brune referred to an order as depriving the litigants of "the means of proceeding further to enforce the right which they assert . . . ." Dr. Pappas did not refer to the later case of *In re Marriage of Lentz,* 73 Ill. App. 3d 93, 391 N.E.2d 582 (1979). It was decided by the same district of the Appellate Court of Illinois which decided *Pettit.* In fact, two of the judges on the panel which decided *Pettit* were members of the panel in *Lentz.* In that case the trial court dissolved the marriage but reserved questions of maintenance and property division. Since there had been no finding that no just reason existed for delay of enforcement or appeal, the appeal was dismissed as not being from an appealable final order.

Since the divorce appeal is not from one of the interlocutory orders specified in § 12-303 and since § 12-301 specifies that it is an appeal from a final order which is permitted, it follows that Dr. Pappas may not appeal at this time to the Court of Special Appeals from the granting of a divorce to his wife and the denial of a divorce to him since he is not appealing from a final judgment. We have said that a determination as to whether a case is or is not one in which there is no just reason for delay is one for the trial judge and

not for trial counsel, *Lang,* 267 Md. at 285, and that it is elementary that parties may not confer appellate jurisdiction by consent upon this Court or the Court of Special Appeals. *Blocher,* 268 Md. at 578.

As we pointed out to counsel at oral argument, if the trial judge is of the view that the divorce issue is one ripe for consideration at the same time the other appeals are heard, he no doubt will make the appropriate certification under Rule 605 a.

## IV

Since the Court of Special Appeals erred in part, upon the remand it will be obliged to consider those appeals from interlocutory orders which are permitted by statute.

> *Judgment affirmed in part and reversed in part and case remanded to the Court of Special Appeals for further proceedings consistent with this opinion; appellant to pay the costs.*