## B. J. LINTHICUM'S SONS, INCORPO-RATED, ET AL. *v.* STACK

[No. 194, October Term, 1956.]

345

*Decided May 10, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Jeffrey B. Smith* and *William W. Travers,* with whom was *R. Roger Drechsler* on the brief, for appellants.

*Emerson C. Harrington, Jr.,* and *Franklin S. Tyng* for appellee.

HENDERSON, J., delivered the opinion of the Court.

We advanced this case for hearing upon a motion to dismiss the appeal, but at the hearing of the motion both sides agreed to submit the case on the merits and we heard arguments both on the motion and on the merits. The only questions raised are whether the motion to dismiss should be granted, and, if not, whether the trial court erred in refusing to set aside the verdict and to grant a new trial.

There is little dispute as to the facts. The appellee brought an action for negligence against the appellants on August 31, 1956, in the Circuit Court for Dorchester County. The de-

fendants were summoned, communicated with their insurance carrier in Baltimore, and on September 17, 1956, general issue pleas were filed by Jeffrey B. Smith, a Baltimore attorney representing the insurance carrier. The paper contained his Baltimore address, but he did not file the usual order directing the clerk to enter his appearance, nor did he employ local counsel or discuss the case with the defendants in person. The case being at issue at the beginning of the October term of court, a preliminary call of the trial docket was held on October 11, 1956. No counsel appeared for the defendants at that call, but the court directed the clerk to enter Mr. Smith's appearance on the docket, although the docket entries do not contain such notation. The case was reached for trial in regular course on October 24, 1956.

On October 18 or 19, 1956, the clerk put in a telephone call to Mr. Charles Linthicum and spoke to his secretary, as he was out. The secretary called Mr. Mills, the codefendant, to the phone and the clerk informed him that the case would be in the assignment on the 24th. She told him, "I don't have any attorney to notify". Mr. Mills told her, "We have attorneys in Baltimore" and said: "I will call him immediately on the telephone." Mr. Mills did call the insurance carrier in Baltimore, but apparently Mr. Smith did not receive the message. When the case was called for trial on October 24, 1956, no one appeared on behalf of the defendants. When the court was informed that the defendants had been notified of the trial date, the plaintiff put on her case before a jury and there was a verdict for the plaintiff. It was shown that the plaintiff sustained a serious and permanent injury to her hand when the defendants' salesman, Mr. Mills, in demonstrating an automobile, had slammed a door upon her hand. On the following day, Mr. Smith filed a motion to set aside the verdict and for a new trial. The motion came on for hearing on November 15, 1956, and was denied. This appeal is from the judgment entered on that date.

The ground of the motion to dismiss is that no appeal lies from a denial of a motion for a new trial. It is well settled that this Court cannot review the ruling of a trial

court on a motion for a new trial. *Snyder v. Cearfoss,* 186 Md. 360, 367. The only exception to the rule that appears in the adjudicated cases, is where the trial court refused to even consider newly discovered evidence, and this was dealt with as an abuse of discretion. See *Wash., B. & A. R. Co. v. Kimmey,* 141 Md. 243. In *Phoebus v. Sterling,* 174 Md. 394, 396, it was held that a decision of the trial court in refusing a motion for new trial, based on the fact that the defendant had not appeared at the trial, of which he had notice, was not reviewable on appeal. In the instant case, however, the motion for a new trial was only incidental to the real relief sought, which was to set aside the verdict on the ground of mistake or surprise. We have recognized that a refusal to strike a judgment on such grounds is appealable. *Thomas v. Hopkins,* 209 Md. 321, 326. Cf. *Associated Transport v. Bonoumo,* 191 Md. 442, 446. We see no fundamental distinction between a motion to set aside a verdict before the judgment is entered, and a motion to strike a judgment on such grounds. In either case, however, it would seem that the Court must be satisfied that the defendant has a meritorious defense of which he was deprived through no fault of his own. Although the appellants filed affidavits stating that they had a meritorious defense, the nature of the defense was not stated and the trial court, in its opinion filed, took the position that a clear case of liability had been established and no meritorious defense shown.

We find no abuse of discretion in the ruling of the trial court refusing to set aside the verdict. Apart from doubts as to the existence of a meritorious defense, we think the obligation to follow the trial docket rested upon counsel for the defendants. It was shown that it was customary, and required by Rule 7, subsection 2, of the local Rules of Court, for the clerk to notify counsel of record of the preliminary call. It was shown that it was not the local practice to treat the filing of a pleading signed by counsel as the entry of an appearance, in the absence of a separate order to that effect, although under our new Maryland Rules, effective January 1, 1957, Rule 124 a provides that an appearance may be made either by filing any pleading, or by filing a written re-

quest for the entry of such appearance, or orally in open court. After a preliminary call, there is no requirement, either in the local or general rules, that counsel be notified when a particular case will be reached. The assignments are posted in the clerk's office at the noon recess on the preceding day, and counsel are supposed to follow the assignments.

In the instant case, Mr. Smith was chargeable with notice that the case was at issue and would stand for trial at the October term. We may assume that he was entitled to rely on the customary notice of preliminary call, which he did not receive, even after the court directed that his appearance be entered. However, the clerk did take the unusual step of notifying the defendants well in advance of the actual trial date, and it was shown that the message was transmitted to the insurance carrier. We think Mr. Smith's failure to receive the message or to appear cannot be attributed to the clerk under the circumstances.

*Judgment affirmed, with costs.*