FIRST FEDERATED COMMODITY TRUST
CORPORATION ET AL. *v.* COMMISSIONER
OF SECURITIES FOR THE
STATE OF MARYLAND

[No. 65 (Adv.), September Term, 1974.]

*Decided July 29, 1974.*

*Motion for rehearing filed August 9, 1974; denied September 9, 1974.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*John J. O'Connor, Jr.*, with whom were *O'Connor, Preston & Glenn, P.A.*, on the motion, for appellants.

*Norman Polovoy, Deputy Attorney General*, with whom were *Philip Z. Altfeld* and *Ronald M. Shapiro* on the motion, for appellee.

DIGGES, J., delivered the opinion of the Court.

First Federated Commodity Trust Corporation and other individual appellants [1] are here seeking the reversal of an order signed by Judge Kenneth C. Proctor, sitting in the Circuit Court for Baltimore County, which dismissed their motion to vacate three earlier decrees entered by that court in this equity case. As a preliminary matter, the appellee,

---

1. The appellants, in addition to First Federated, are its officers, E. Kenneth Mulford, Albert Pomory, and John R. Singleton, Jr. The case comes before us pursuant to a writ of certiorari addressed to the Court of Special Appeals which was issued on our own motion before that court had heard the appeal. Maryland Code 1974, § 12-201 of the Courts and Judicial Proceedings Article.

the Commissioner of Securities for the State of Maryland, filed a motion in this Court to dismiss the appeal. Because at the hearing held on this motion the merits of the controversy were also briefed and discussed, we shall, at this time, without requiring further briefs or argument, decide not only the commissioner's motion but also all of the other issues raised by the appeal. To do so, however, we must first review the background of this dispute in order to place the legal issues now involved in their proper perspective.

The commissioner, by alleging that First Federated is engaged in the sale of securities in a manner which violated the Maryland Securities Act (Maryland Code (1957, 1971 Repl. Vol.) Art. 32A, §§ 13, 15, 19), and that while "making promises of fantastic profits [to its customers] and taking substantial investment funds from investors, . . . [is] not now able to meet [its] obligations amounting to millions of dollars", sought to enjoin the appellants from engaging in these activities and for the appointment of a receiver for the corporate defendant in his equity suit filed in the Circuit Court for Baltimore County on February 27, 1973. First Federated, in its answer to the commissioner's bill, objected to the granting of the relief prayed by contending principally that the Maryland Securities Act applies to the sale of securities and not commodity options,[2] the business in which it was engaged.[3] A full trial became unnecessary, however,

---

2. The Maryland Securities Act, Code (1957, 1971 Repl. Vol.) Art. 32A, § 25 (1) states:

"(1) 'Security' means any note; stock; treasury stock; bond; debenture; evidence of indebtedness; certificate of interest or participation in any profit-sharing agreement; collateral-trust certificate; preorganization certificate or subscription; transferable share; investment contract; voting-trust certificate; certificate of deposit for a security; certificate of interest or participation in an oil, gas, or mining title or lease or in payments out of production under such a title or lease; or, in general, any interest or instrument commonly known as a 'security,' or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing. 'Security' does not include any insurance or endowment policy or annuity contract under which an insurance company promises to pay money either in a lump sum or periodically for life or some other specified period."

3. The appellants initially questioned the court's subject matter ju-

when, following the appointment of a temporary conservator for First Federated by an order of the court dated February 27, 1973, the parties consented to the entry of a decree on March 7 which provided for the requested permanent injunction at that time, and for the appointment of a receiver at a later date, if this should become necessary. As it became imperative to preserve the assets of First Federated, the appointment was accomplished on April 5 by a further order designating Philip Z. Altfeld as the receiver. However, despite the apparent equanimity which the consent decree had engendered, on April 19, First Federated filed a motion to strike these decrees in which it alleges that each is void as the circuit court had no jurisdiction to enter them. Subsequent to a hearing, appellants' motion was denied and this appeal followed.

### (i) The Motion to Dismiss

The appellee moves to dismiss this appeal based on the principle that no appeal lies from a consent decree. For this proposition, he relies on *Mercantile Trust Co. v. Schloss,* 165 Md. 18, 24, 166 A. 599 (1933). We agree that the assigned reason is a correct statement of the law; see also *Rocks v. Brosius,* 241 Md. 612, 630, 217 A. 2d 531 (1966); *cf. Lohss and Sprenkle v. State,* 272 Md. 113, 321 A. 2d 534 (1974) but the appeal in this case is not from the consent decree; instead, it is from the denial by Judge Proctor of appellants' motion to vacate that decree.[4] Clearly, the law relating to the appealability of an order granting or denying a motion to

---

risdiction in their answer to the original bill for substantially the same reasons as those assigned on this appeal. However, that issue was not specifically ruled upon by the trial court since the consent decree, at least temporarily, terminated the litigation. As we dispose of this case on other grounds, and as neither side raises the question (Rule 885), we do not consider whether res judicata bars the relitigation of the court's jurisdiction. For a discussion of this problem see *Restatement of Judgments,* § 10 and its comments (1942).

4. No one disputes that the March 7 consent decree is, in essence, the final decree being attacked here. This is apparently so because the issues settled by the February action merged into it, and the April decree merely resulted from it.

vacate an enrolled decree does not vary depending upon the method utilized to finalize the issues resolved by that decree. It is for that reason we must examine the law on this question for the ultimate determination of the propriety of appellee's motion.

It is now well settled in this State, that a plaintiff or complainant in a law or equity action, as the case may be, has the right to an immediate appeal from an order striking a judgment or decree which has become enrolled under Maryland Rules 625 (law) or 671 a (equity). *Ventresca v. Weaver Brothers,* 266 Md. 398, 403, 292 A. 2d 656 (1972); *Mut. Benefit Soc'y v. Haywood,* 257 Md. 538, 540, 263 A. 2d 868 (1970); 2 *Poe, Practice* (Tiffany's ed. 1925) § 391. And, likewise, a defendant may appeal from an order refusing to set aside such an enrolled judgment or decree. *B.J. Linthicum's Sons v. Stack,* 213 Md. 344, 347, 131 A. 2d 721 (1957); *Associated Transport v. Bonoumo,* 191 Md. 442, 446, 62 A. 2d 281 (1948); *Eddy v. Summers,* 183 Md. 683, 689, 39 A. 2d 812 (1944); 2 *Poe, Practice, supra.* As the appeal now before us is from the refusal to strike or vacate an enrolled decree, it is permitted and the motion to dismiss must be denied. In so ruling, however, we mention that as an appeal from the denial of a motion to vacate an enrolled judgment is limited in scope it does not serve the normal functions of an appeal from the original judgment.

### (ii) The Merits

We come now to the central issue in this present case, and the one upon which the arguments of both sides on the motion to dismiss the appeal have focused; namely, whether the chancellor erred in refusing to set aside the 1973 decrees dated February 27, March 7, and April 5 because the circuit court lacked jurisdiction to enter each one of them. In doing so, we review the facts and the law solely to examine the validity of Judge Proctor's conclusion on this point. In our consideration of this, we are of course mindful of the principle that the decree of any judicial tribunal which is without jurisdiction in its fundamental sense is void, *Fooks' Executors v. Ghingher,* 172 Md. 612, 192 A. 782 (1937), and

the parties to that proceeding cannot, by their consent, confer jurisdiction on that court to hear and decide the issues in dispute. *State v. McCray,* 267 Md. 111, 297 A. 2d 265 (1972); *Mayor v. Shearwater Sailing,* 265 Md. 280, 288 A. 2d 887 (1972) and the cases cited in each. As a consequence of this, though we are concerned here with a motion to vacate a consent decree, the parties' concurrence in the decision on the merits cannot be said to insulate that decree from a collateral attack upon the circuit court's jurisdiction. The appellants seize upon this, and contend that an action which is filed "in express reliance on the Maryland Securities Act," as this one was, "must collapse for lack of jurisdiction" since that which the State seeks to regulate does not qualify as a security. However, this argument fails to apprehend what is encompassed within the requirement that a court must have jurisdiction in order for it to render a valid decree. The following discussion should clarify this concept.

What is meant by the lack of jurisdiction in its fundamental sense such as to make an otherwise valid decree void is often misunderstood. As Judge Horney noted for this Court in *Moore v. McAllister,* 216 Md. 497, 507, 141 A. 2d 176 (1958):

> "Juridically, jurisdiction refers to two quite distinct concepts: (i) the *power* of a court to render a valid decree, and (ii) the *propriety* of granting the relief sought. 1 *Pomeroy, Equity Jurisprudence* (5th ed. 1941), Secs. 129-31."

It is only when the court lacks the power to render a decree, for example because the parties are not before the court, as being improperly served with process, or because the court is without authority to pass upon the subject matter involved in the dispute, that its decree is void. *Moore v. McAllister, supra; Fooks' Executors v. Ghingher, supra.* On the other hand, the question of whether it was appropriate to grant the relief merges into the final decree and cannot thereafter be successfully assailed for that reason once enrolled. *Steinpreis v. Leet,* 240 Md. 212, 213 A. 2d 555 (1965). In this case, no one questions the validity of the court's jurisdiction

over the parties to this suit, and, consequently, we limit our inquiry into whether the circuit court had authority to consider the subject matter involved and, therefore, had the power to decree the requested relief as it did. The power which a court possesses to hear and determine cases, other than that which is inherent in it, is delineated by the applicable constitutional and statutory pronouncements. *Moore v. McAllister, supra; Fooks' Executors v. Ghingher, supra.* If by that law which defines the authority of the court, a judicial body is given the *power* to render a judgment over that class of cases within which a particular one falls, then its action cannot be assailed for want of subject matter jurisdiction. *Fooks' Executors v. Ghingher, supra* at 622-23; *Restatement of Judgments*, § 7, comment *a* at 41 (1942). The circuit courts of this State, such as the Circuit Court for Baltimore County, are courts of original general jurisdiction, Maryland Const., Art. IV, §§ 1, 19, 20 and, therefore, they may hear and decide all cases at law and in equity other than those which fall within the class of controversies reserved by a particular law for the exclusive jurisdiction of some other forum. *E.g.*, 1974 Courts and Judicial Proceedings Article, § 4-401 which delineates the exclusive original jurisdiction of the recently created District Court of Maryland. *Fooks' Executors v. Ghingher, supra* at 625.

Looking now directly at the appellants' contention, we perceive that they do not, nor can they, question the circuit court's inherent or statutory power sitting in equity to issue an injunction or to decree the appointment of a receiver for an insolvent corporation, the remedies requested and rendered here. See generally, *T. Alexander, A Summary of the Practice of the Court of Chancery, and County Courts, as Courts of Equity in Maryland,* Ch. 1 (1839). Rather, they aver that under the particular facts which are present in this case, the *plaintiff* had no authority, under the Maryland Securities Act, to request the relief sought as the commissioner was overreaching in attempting to regulate what appellants contend is not a security as defined by Art. 32A, § 25 (1). But this involves the *right* of the ap-

pellee to proceed with his action, which has already been finally determined by the consent decree and cannot now be questioned, not the power of the court to hear and determine the case, which it clearly possesses. *Berlinsky v. Eisenberg,* 190 Md. 636, 639, 59 A. 2d 327 (1948).

> *Motion to dismiss the appeal denied and order affirmed.*
> *Costs to be paid by the appellants.*