514 A.2d 1237

## Wilsie D. PARKER

v.

## John B. ROBINS, IV.

**No. 1638, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Sept. 9, 1986.

Michael L. Pullen (Franch, Earnest & Cowdrey, P.A. on brief), Easton, for appellant.

John B. Robins (Don E. Richardson, on brief), Salisbury, for appellee.

Argued before GILBERT, C.J., and ROSALYN B. BELL and WENNER, JJ.

WENNER, Judge.

Appellant, Wilsie D. Parker, by this appeal, seeks to void the divorce granted to her ex-husband, notwithstanding his subsequent marriage to another woman shortly before his death. Her motive seems clear: she is trying to reach into the grave to claim title to the property of the deceased.

The husband was granted an absolute divorce from her on the grounds that they lived separate and apart for two years. The proceedings had been expedited, with appellant's consent, because Mr. Parker was gravely ill and wanted to be divorced so that he could remarry. The divorce was granted on January 4, 1985, and duly recorded by the clerk of the court as prescribed in § 7–106 of the Family Law Article.[1] The court reserved the power to determine which property of the parties was marital property, for a period of ninety days, pursuant to § 8–203 of the Family Law Article. Notwithstanding this reservation, the judgment of divorce was final and appealable, Family Law Article § 8–213(b);[2] *Athanason v. Athanason,* 48 Md.App. 231, 233 n. 4, 426 A.2d 16 (1981), but no appeal was taken from that judgment.

On March 5, 1985, approximately one month after Mr. Parker died, appellant launched an attack upon the judgment of divorce by filing a motion to strike, alleging that the lower court had lacked jurisdiction to enter the decree. The motion was denied by Judge Pollitt, in a written order filed on March 22, 1985. In addition, the March 22, 1985 Order of Court correctly stated that the divorce judgment was final, citing Family Law Section 8–213.

The denial of appellant's motion to strike was also a final judgment and appealable, *First Federated Commodity Trust Corporation v. Commissioner of Securities for the*

---

**1.** All citations to the Family Law Article of the Annotated Code of Maryland are found in the 1984 volume.

**2.** This provision was originally codified in Ch. 794 of the Acts of 1978 as § 3–6A–07(c) of the Courts and Judicial Proceedings Article, effective January 1, 1979. Chapter 154 of the Acts of 1980 effective July 1, 1980 transferred § 3–6A–07(c) to § 3–6A–07(d); and Ch. 159 of the Acts of 1983 effective July 1, 1983 caused § 3–6A–07 to be renumbered as § 3–6A–08. Chapter 296 of the Acts of 1984, effective October 1, 1984, *inter alia,* repealed § 3–6A–08 and enacted the present Family Law Article § 8–213.

*State of Maryland,* 272 Md. 329, 333, 322 A.2d 539 (1974), but again no appeal was taken within the thirty day limit contained in Rule 1012a.

A final disposition of the marital property of the parties was achieved in an opinion and order of the court filed on September 19, 1985.[3]  On October 9, 1985 appellant filed an order for appeal, purporting to appeal "from the judgment entered in this case on or about September 19, 1985, from the decree of divorce entered on or about January 4, 1985, and from the Order of March 22, 1985, denying the Motion to Strike the Judgment of Absolute Divorce, and each of them."

In her brief appellant alleges error with respect to the two earlier orders of the court, but alleges no error with respect to the September 19th opinion and order which disposed of the couple's marital property.  We shall therefore affirm the September 19th judgment of the lower court.

The appeal from the January 4th and March 22nd orders was untimely and therefore the issues presented in appellant's brief are not properly before us.  We shall explain.

Appeals to this court are controlled by various rules and statutes.  The Maryland Rules are promulgated by the Court of Appeals and the statutes are promulgated by the legislature.  We must examine the interplay between these statutes and rules to determine their effect upon the case *sub judice.  See e.g., Pappas v. Pappas,* 287 Md. 455, 413 A.2d 549 (1980); *Funger v. Mayor of Somerset,* 244 Md. 141, 150, 223 A.2d 168 (1966).

---

**3.**  The parties and the court had agreed to extend past the original ninety days the period for determining the marital property issues, *See* Family Law § 8–203.

Courts and Judicial Proceedings Article [4] § 12–301 permits a party to " ... appeal from a final judgment entered in a civil or criminal case by a circuit court." The exceptions to this rule are enumerated in Courts and Judicial Proceedings Article § 12–302. By statute, the legislature has permitted appeals of certain interlocutory orders. Courts and Judicial Proceedings Article § 12–303. The judgment of January 4, 1985 which divorced the parties, however, is not one of the enumerated appealable interlocutory orders.

■ The legislature has also determined that "Any decree of annulment or of limited or absolute divorce in which the court reserves any power under this subtitle [Subtitle 2. Property Disposition in Annulment and Divorce] *is final and subject to appeal* in all other respects." (emphasis added) Family Law Article § 8–213(b). Thus any divorce decree which reserves only marital property issues is a final order and appealable pursuant to Courts and Judicial Proceedings Article § 12–301, which as noted earlier permits the appeal of a final judgment entered by a circuit court in a civil case. *See, also, Athanason,* 48 Md.App. at 233 n. 4,[5] 426 A.2d 16.

In her brief appellant states "[i]f the procedural requirements of Rule 2–602(a) [6] apply in addition to the substantive provisions of FL § 8–213(b) the January 4, 1985 divorce

---

**4.** All citations to the Courts and Judicial Proceedings Article of the Annotated Code of Maryland are to the 1984 Replacement Volume and the 1985 Cumulative Supplement.

**5.** The statute followed in Athanason was the predecessor of Family Law Article § 8–213.

**6.** Appellee correctly asserts that the Maryland Rules 1985 Replacement Volumes were the rules applicable to the proceedings below and that Rule 2–602 was not divided into subsections therein.

decree was not a final judgment and her appeal, taken on October 8, 1985, within thirty days of the conclusion of the entire case, was timely." But Rule 2–602 does not apply to this case because the right to appeal was expressly created by statute.

Rule 2–602 permits the trial judge to exercise his discretion to allow the appeal of an otherwise non-final judgment by expressly determining that there is no just reason for delay and directing that the judgment be entered as to one or more, but fewer than all of the claims presented in a given case. In *Blocher v. Harlow*, 268 Md. 571, 303 A.2d 395 (1973) the Court,[7] citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297, likened the role of the trial judge to that of a "dispatcher" who is "to determine, in the first instance, the appropriate time *when each 'final decision'* upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal." (emphasis in original)

In the case *sub judice* it was the legislature that determined that the divorce decree would be final and appealable, as evidenced by § 8–213 of the Family Law Article. *See also, Athanason, supra.* Therefore the trial judge had no discretion in the matter. An immediate appeal should have been taken pursuant to Courts and Judicial Proceedings Article § 12–301 and Family Law § 8–213 without regard to Rule 2–602. *See, Pappas v. Pappas,*[8] *supra,* (Rule 605 (predecessor of Rule 2–602) not applicable to appeals expressly permitted by statute); *Funger v. Mayor*

---

7. The *Blocher* case interpreted the effect of Rule 605a, the predecessor of current Rule 2–602.

8. In *Pappas* the decree from which the appeal was taken was filed on June 15, 1978, several months prior to the effective date of Ch. 794 of the Acts of 1978, the predecessor to Family Law § 8–213. *See note 2, supra.* Furthermore, even if it had been in effect, Family Law § 8–213 would not have authorized an appeal in *Pappas* because the trial court had reserved many issues for later disposition, in addition to the marital property issue.

*of Somerset, supra,* (right to appeal created by statute not affected by Rule 605a); *Della Ratta v. Dixon,* 47 Md.App. 270, 277, 422 A.2d 409 (1980) (the Rule will not limit or preclude an appeal permitted by statute.); *Howard County v. Eberhart,* 58 Md.App. 407, 414, 473 A.2d 509 (1984).

This court's opinion in *Quigley v. Quigley,* 54 Md.App. 45, 456 A.2d 1305 (1983) was erroneous in so far as it determined that the decree in that case was not an appealable final judgment. In *Quigley* this court failed to consider the effect of the then existing predecessor of the current Family Law Article § 8–213, and therefore we overrule the holding in *Quigley* that the appeal was untimely.

■ Appellant cites no authority to support her conclusion that "[t]he Order of March 22, 1985 was an interlocutory order and not a final judgment." "It is now well settled in this State, that a plaintiff or complainant in a law or equity action, as the case may be, has the right to an immediate appeal from an order striking a judgment or decree which has become enrolled ... (citations omitted). And, likewise, a defendant may appeal from an order refusing to set aside such an enrolled judgment or decree." (citations omitted) *First Federated Commodity Trust Corp.,* 272 Md. at 333, 322 A.2d 539.

Appellant has therefore twice missed her opportunity to appeal the issue of the lower court's jurisdiction to enter the judgment of divorce based on a two year separation, because she failed to appeal from the actual judgment, and then failed to appeal from the order which foreclosed her secondary attack on that judgment, i.e., the denial of the motion to strike.

JUDGMENT OF SEPTEMBER 19, 1985 AFFIRMED. APPEAL DISMISSED AS TO ORDERS OF JANUARY 4, 1985 AND MARCH 22, 1985.

COSTS TO BE PAID BY APPELLANT.