73 A.3d 1102

**In re ADOPTION/GUARDIANSHIP OF TRACY K.**

**No. 139, Sept. Term, 2007.**

Court of Appeals of Maryland.

Aug. 23, 2013.

George E. Meng (Upper Marlboro, MD), on brief, for Appellant.

David K. Hayes, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, Baltimore, MD), on brief, for Appellee.

Argued before: HARRELL, BATTAGLIA, GREENE, BELL,* MURPHY,** IRMA S. RAKER (Retired, Specially Assigned) and DALE R. CATHELL (Retired, Specially Assigned).

BELL, C.J.

This case explores whether an Orphans' Court, prior to October 1, 2009 (*see* footnote 2 *infra*), had jurisdiction to decide Petitions for Guardianship of the Person and, if so, under what circumstances. The petitioner, Jacqueline D. K., filed in the Orphans' Court for Prince George's County a petition requesting guardianship of her nephew, Tracy K. A judge of that court dismissed the petition on the ground that the Orphans' Court lacked jurisdiction to hear the petition. The petitioner appealed to the Court of Special Appeals; however, we issued a writ of certiorari before the intermediate appellate court decided the appeal. *In Re Adoption of Tracy K.*, 403 Md. 612, 943 A.2d 1244 (2008). The issue on appeal is whether the Orphans' Court possessed jurisdiction over Peti-

---

* Bell, C.J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

** Murphy, J., now retired, participated in the hearing and conference of this case while an active member of this Court, but did not participate in the decision or adoption of this opinion.

tions for Guardianship of the Person, where at least one of the natural parents is alive, parental rights have not been terminated, and no testamentary appointment has been made. We hold that the Orphans' Court did not have jurisdiction in this situation and affirm the Orphans' Court's dismissal of the petition.[1]

## I.

Jacqueline D.K., the petitioner, filed a Petition for Guardianship of the Person in the Prince George's County Orphans' Court to obtain legal guardianship of her nephew, Tracy K. Tracy K., born on August 8, 1991, had lived with his father, Tracy S. ("Father"), prior to the summer of 2007. At the time of the filing of the instant petition, Tracy K.'s mother (the petitioner's sister) was deceased. With the alleged consent of the Father, Tracy K. decided to live with the petitioner until he turned eighteen. Therefore, the petitioner initiated the guardianship action that is at the heart of this case. After a preliminary review, the Orphans' Court scheduled a hearing and sent notices to all interested parties.

At the hearing, the petitioner, appearing pro se, testified that no legal proceedings were on-going currently (or had occurred) seeking to terminate the Father's parental rights. She testified further that the Father refused to help with Tracy K.'s maintenance or to consent to the guardianship. Jacqueline D.K. affirmed also that Tracy K. was not entitled to any funds or property from his Mother's, or any, estate.

The Orphans' Court dismissed the petition for lack of jurisdiction. The court explained that its jurisdiction is "limited to cases where a minor would receive assets resulting from someone's death ... [or] when there's no surviving parent or when a surviving parent's legal rights to be responsible for the child have been terminated."

---

1. We issued previously a *per curiam* order affirming the Orphans' Court's order, *In Re Adoption/Guardianship of Tracy K.,* 405 Md. 82, 950 A.2d 86 (2008), and now explain our reasoning.

Petitioner filed timely a Notice of Appeal to the Court of Special Appeals. Before the intermediate appellate court decided the appeal, a petition for writ of certiorari was filed with the Court of Appeals. We granted the petition to consider the following question:

> "Does the Orphans' Court have jurisdiction over Petitions for Guardianship of the person of a minor child where one of the natural parents is alive, where parental rights have not been terminated and no testamentary appointment has been made?"

403 Md. 612, 943 A.2d 1244 (2008).

## II.

The Maryland Constitution created the Orphans' Courts and granted the Maryland General Assembly the power to determine the Orphans' Courts' authority. Md. Const. art. 4, §§ 1, 40(c). The Orphans' Courts have the special and limited subject matter jurisdiction determined by the Legislature. *Kaouris v. Kaouris,* 324 Md. 687, 693, 598 A.2d 1193, 1195–96 (1991). Maryland Code (1974, 2011 Repl. Vol.), Estates & Trusts Article ("ET"), § 2–102(a) grants the Orphans' Courts the power to "conduct judicial probate, direct the conduct of the personal representative, and pass orders which may be required in the course of the administration of an estate." ET § 2–102(a).

In ET Title 13 are contained specific laws promulgated for the protection of minors. ET § 13–105(a) states that "[t]he orphans' courts and the circuit courts have concurrent jurisdiction over guardians of the person of a minor and over protective proceedings for minors." Maryland Code (1974, 2008 Repl.Vol.), ET § 13–105(a).[2] ET § 13–106(a) grants the

---

2. Very likely inspired by our per curiam, dispositive Order in this case, the General Assembly amended Maryland Code (1974, 2008 Repl.Vol.), Estates & Trusts Article ("ET") § 13–105 during its 424th session in 2009. *See* Acts 2009, ch. 748, § 1, eff. Oct. 1, 2009. As amended and relevant, § 13–105 provides:

   "(a) Minors; transfers.—

Orphans' Court authority over guardianships of property of a minor, providing that "[a]n orphans' court has full power to secure the rights of a minor whose estate is being administered by a guardian under its jurisdiction." ET § 13–702(a) [3] permits the Orphans' Court to appoint, upon petition of any person interested in the minor's welfare, a guardian of the person of an unmarried minor, but only "[i]f neither parent is serving as guardian of the person and no testamentary appointment has been made." Nevertheless, ET § 13–702(a) makes clear that it "may not be construed to require court appointment of a guardian of the person of a minor if there is no good reason, such as a dispute, for a court appointment." ET § 13–701 [4] authorizes the surviving parent of a minor, who

> "(1) The orphans' courts and the circuit courts have concurrent jurisdiction over guardians of the person of a minor and over protective proceedings for minors.
>
> \*        \*        \*        \*        \*        \*
>
> "(c) Jurisdiction over guardianship of person of minor.—
> "(1) An orphans' court may exercise jurisdiction over guardianship of the person of a minor if the presiding judge of the orphans' court is a member of the bar, regardless of whether the minor who is the subject of the petition for guardianship of the person has property, may inherit property, or is destitute."

Maryland Code (1974, 2011 Repl.Vol.), ET § 13–105. Section 2 of ch. 748 provides that "this Act shall be construed to apply only prospectively and may not be applied or interpreted to have any effect on or application to any petition for guardianship of the person of a minor filed before the effective date of this Act." Thus, the amendment is prospective in effect and does not affect the outcome of this case. The instant case, moreover, is unlikely to recur because the amendment extends the Orphans' Court's jurisdiction to guardianship of the person.

**3.** ET § 13–702(a) provides:

> "(a) If neither parent is serving as guardian of the person and no testamentary appointment has been made, on petition by any person interested in the welfare of the minor, and after notice and hearing, the court may appoint a guardian of the person of an unmarried minor. If the minor has attained his 14th birthday, and if the person otherwise is qualified, the court shall appoint a person designated by the minor, unless the decision is not in the best interests of the minor. This section may not be construed to require court appointment of a guardian of the person of a minor if there is no good reason, such as a dispute, for a court appointment."

**4.** ET § 13–701 provides:

is not prohibited by agreement or court order, to make a testamentary appointment. The Maryland Code, in both Title 2 and Title 13 of the Estates and Trusts Article, in almost identical language, limits explicitly the Orphans' Court's jurisdiction. ET § 2–102(a) of that Article instructs, "[t]he court *may not*, under pretext of incidental power or constructive authority, exercise any jurisdiction not expressly conferred," (emphasis added) while ET § 13–106(b) provides: "The orphans' court, under the pretext of incidental power or constructive authority, may not exercise jurisdiction not expressly conferred by law."

We have held that a court has subject matter jurisdiction, referred to also as fundamental jurisdiction, when the Legislature grants a court "the power to act with regard to a subject matter," *Pulley v. State*, 287 Md. 406, 416, 412 A.2d 1244, 1249 (1980), and to "render a judgement over a class of cases within which a particular one falls." *Salvagno v. Frew*, 388 Md. 605, 616 n. 4, 881 A.2d 660, 666 n. 4 (2005) (citing *First Federated Co. Tr. v. Comm'r of Sec. for the State of Md.*, 272 Md. 329, 335, 322 A.2d 539, 543 (1974)).[5]

Although this particular issue was one of first impression (prior to the 2009 amendment to the statutory scheme dis-

"Unless prohibited by agreement or court order, the surviving parent of a minor may appoint by will one or more guardians and successor guardians of the person of an unmarried minor. The guardian need not be approved by or qualify in any court."

**5.** The petitioner relies on the rule that subject matter jurisdiction is not lacking when "a statutory provision directs a court ... to decide a case in a particular way, if certain circumstances are shown." *Salvagno*, 388 Md. at 616 n. 4, 881 A.2d at 666 n. 4. She argues that ET § 13–105(a) grants the Orphans' Courts' subject matter jurisdiction, and ET § 13–702(a) describes the requirements that must be met for the Orphans' Court to appoint a guardian. If ET § 13–702(a) states the requirements that must be met for the Orphans' Court to appoint a guardian, then the Orphans' Court would be unable to grant guardianship in the instant case. ET § 13–702(a) states that if neither parent is serving as a guardian and there is no testamentary appointment of a guardian, then the Orphans' Court may appoint a guardian. In the instant case, these conditions are not met and, thus, the Orphans' Court may not appoint a guardian. We do not consider this argument because it leads inevitably to the same outcome as reached here.

cussed in footnote 2 *supra* ), we have reviewed previously the Orphans' Court's jurisdiction in other cases.[6]  In *Kaouris*, we considered whether the Orphans' Court had jurisdiction to determine the validity and interpretation of a marital property settlement agreement.  *Kaouris,* 324 Md. at 691, 598 A.2d at 1195.  We focused the inquiry on "whether the orphans' court has the power to construe a written document ... *is* dependent on what the party is asking the court to do and whether, when the court construes that document, it does so consistent with, and in furtherance of, an express grant of power." *Kaouris,* 324 Md. at 706, 598 A.2d at 1202 (emphasis in original).  We held that the Orphans' Court had jurisdiction to construe the marital settlement because it was necessary for the settlement of the deceased's estate and, thus, "was incidental to the court's exercise of an express power." *Kaouris,* 324 Md. at 716, 598 A.2d at 1207.

Applying *Kaouris's* analytical template to the present case, we conclude that the Orphans' Court did not have jurisdiction here.  *Kaouris* requires that the court's action be "consistent with, and in furtherance of, an express grant of power." *Kaouris,* 324 Md. at 706, 598 A.2d at 1202.  ET § 2–102(a) expressly grants the Orphans' Court the power to administer and conduct probate, which includes some functions that are incidental to achieving this main purpose, such as construction of a marital settlement agreement, resolution of conflict with estate creditors, and determination of property's title.  ET § 2–102(a); *see e.g. Kaouris,* 324 Md. at 716,

---

6.  In 1992, the Maryland Attorney General issued an opinion analyzing the Orphan's Court's jurisdiction to decide petitions for Guardianship of minor persons.  77 Md. Op. Atty. Gen. 41 (1992) (reaffirmed in Md. Atty. Gen. Ltr., April 24, 2007).  Focusing on the statutory language and comparing the Circuit Court's jurisdiction, it concluded that the Orphans' Court has jurisdiction to hear petitions for guardianship of the minor's person only under the circumstances of ET § 13–702(a): the parents are deceased or are no longer serving as legal guardians. Although instructive in the instant case, we are not bound by the Attorney General's opinions, but may consider them when the legislative intent is unclear.  *Potomac Valley Orthopaedic Assocs. v. Md. State Bd. of Physicians,* 417 Md. 622, 637, 12 A.3d 84, 92 (2011) (quoting *Chesek v. Jones,* 406 Md. 446, 463, 959 A.2d 795, 805 (2008)).

598 A.2d at 1207; *Radcliff v. Vance,* 360 Md. 277, 295, 757 A.2d 812, 821 (2000) (affirming the Orphans' Court's jurisdiction over an estate's creditors); *Talbot Packing Corp. v. Wheatley,* 172 Md. 365, 369–70, 190 A. 833, 835 (1937) (holding that the Orphans' Court has jurisdiction only to determine the title of property in specific instances designated by the Maryland Code).

The present case is not within the express grant of the court's power because the guardianship petition is not incidental to administering probate. Although Tracy K.'s Mother is deceased, the guardianship petition was not related to her estate and his Mother did not make a testamentary appointment of guardianship in her will. The petitioner also testified that Tracy K. was not entitled to any property from this or any estate. Under the *Kaouris* inquiry, the petition of guardianship is not incidental to a probate case and, thus, the Orphans' Court did not have jurisdiction.

## III.

Our inquiry is not complete until we determine whether ET § 13–105(a) or ET § 13–702(a) expands the Orphans' Courts' express jurisdiction. This is an issue of statutory construction. Our precedents state that "[a] court's primary goal in interpreting statutory language is to discern the legislative purpose, the ends to be accomplished, or the evils to be remedied by the statutory provision under scrutiny." *Lockshin v. Semsker,* 412 Md. 257, 274, 987 A.2d 18, 28 (2010) (citations omitted). If the court determines that the statute is plain, "unambiguous and clearly consistent with the statute's apparent purpose," then the court's "inquiry as to legislative intent ends ordinarily and we apply the statute as written, without resort to other rules of construction." *Lockshin,* 412 Md. at 275, 987 A.2d at 29 (citations omitted). The court must interpret the statute " 'as a whole [ ] so that no word, clause[, sentence,] or phrase is rendered surplusage, superfluous, meaningless or nugatory,' " *Potomac Valley Orthopaedic Assocs. v. Md. State Bd. of Physicians,* 417 Md. 622, 630, 12 A.3d 84, 88 (2011) (citations omitted), or given an

interpretation that "is absurd, illogical, or incompatible with common sense." *Lockshin,* 412 Md. at 276–77, 987 A.2d at 29 (citations omitted). Finally, the court "do[es] not read statutory language in a vacuum," but

> [r]ather, the plain language must be viewed within the context of the statutory scheme to which it belongs, considering the purpose, aim, or policy of the Legislature in enacting the statute. We presume that the Legislature intends its enactments to operate together as a consistent and harmonious body of law, and, thus, we seek to reconcile and harmonize the parts of a statute, to the extent possible consistent with the statute's object and scope.

*Lockshin,* 412 Md. at 275–76, 987 A.2d at 29 (citations omitted).

As previously discussed, the primary purpose of the Orphans' Court is to administer and manage probate. ET § 2–102(a) grants the Orphans' Court the jurisdiction to "conduct judicial probate, direct the conduct of a personal representative, and pass orders which may be required in the course of the administration of an estate of a decedent." ET § 2–102(a). This authority is limited immediately by the last line in that subsection, which prohibits the court from, "under the pretext of incidental power or constructive authority, exercis[ing] any jurisdiction not expressly conferred." *Id.* Outlining the rules for the protection of minors, ET, Title 13 includes the two statutes in question. ET § 13–105(a) states:

> "The orphans' courts and the circuit courts have concurrent jurisdiction over guardians of the person of a minor and over protective proceedings for minors."

ET § 13–702(a) requires specifically that

> "[i]f neither parent is serving as guardian of the person and no testamentary appointment has been made, on petition by any person interested in the welfare of the minor, and after notice and hearing, the court may appointment a guardian of the person of an unmarried minor."

At first blush, ET § 13–105(a) seems to expand the Orphans' Court's jurisdiction with respect to guardians of the

person to that concurrent with the Circuit Court. This interpretation would be incorrect. ET § 13–105(a) must be analyzed in conjunction with ET § 13–702(a), and in the context of the broader legislative purpose. ET § 13–702(a) limits the Orphans' Court's jurisdiction over guardianship of the person petitions only to situations in which neither parent is a guardian and there is no testamentary grant of guardianship. The Circuit Court retains jurisdiction over this particular situation and all other guardianship of the person cases. Most likely the facts required by ET § 13–702(a) would arise in the context of probate and, thus, it also fits the larger purpose of the Orphans' Court.

The petitioner urges that we accept an alternative reading of ET § 13–702(a). Pointing ostensibly to the plain language of that subsection, she asserts that the phrase "neither parent is serving as guardian" includes circumstances where the parents are not deceased and their parental rights have not been terminated. She argues that, if "not serving as" is interpreted to mean that the parental rights have been terminated, the language is superfluous because the same result could be achieved by simply stating "if neither parent is guardian."

We reject the petitioner's proposed interpretation of ET § 13–702(a). This argument is inconsistent with the established jurisdiction over related family law matters. Maryland law grants the circuit and juvenile courts the jurisdiction to terminate parental rights. *See* Maryland Code (1974, 2006 Repl.Vol.), Family Law Article ("FL") § 1–201; *Carroll Cnty. Dep't of Social Servs. v. Edelmann,* 320 Md. 150, 175–76, 577 A.2d 14, 26 (1990). Until such determination, "[t]he parents [are] the natural guardians of their minor child" and are "responsible for the child's support, care, nurture, welfare, and education." FL § 5–203(a)–(b). Title 5 of the Family Law article requires the courts to make very specific inquiries into the best interests of the child before ruling on the termination of the parental rights. Under the petitioner's interpretation, the Orphans' Court would have the jurisdiction to determine whether the parent is "serving as a guardian," but the statute

does not give the Orphans' Court a standard by which to answer this question. It is unlikely that the Legislature intended for the circuit and juvenile courts to engage in an intensive, statutorily-guided, and fact-based inquiry, but left the Orphans' Court to determine its own standard. Without express authority from the Maryland General Assembly, we may not grant, by interpretation, the Orphans' Court this additional jurisdiction.

For the aforegoing reasons, we affirm the Orphans' Court's dismissal of Jacqueline D.K.'s petition requesting guardianship of Tracy K.