*Attorney Grievance Commission, et al. v. Ty Clevenger*, No. 64, September Term, 2017

**JURISDICTION — WRIT OF MANDAMUS — ATTORNEY GRIEVANCE COMMISSION INVESTIGATIONS —** The Court of Appeals held that Bar Counsel's decision not to investigate a complaint of attorney misconduct was part of an attorney disciplinary proceeding, falling under the Court's original and exclusive jurisdiction over attorney disciplinary matters. Therefore, the circuit court, in which the Appellee filed a petition for writ of mandamus seeking to compel Bar Counsel to investigate a complaint, lacked jurisdiction to consider the petition.

IN THE COURT OF APPEALS
OF MARYLAND

No. 64

September Term, 2017

---

ATTORNEY GRIEVANCE COMMISSION,
et al.

v.

TY CLEVENGER

---

Barbera, C.J.,
Greene
Adkins
McDonald
Watts
Hotten
Getty,

JJ.

---

Opinion by Barbera, C.J.

---

Filed: June 21, 2018

Jurisdiction is not a flashy or glamorous area of the law. What it lacks in luster, however, it makes up for in fundamental importance in our legal system. As a threshold issue, one of significant constitutional dimension, jurisdiction must be addressed before a cause of action may proceed.

This case began when the Appellee, Ty Clevenger, submitted to the Attorney Grievance Commission of Maryland a complaint alleging professional misconduct by three Maryland-barred attorneys while they were representing former Secretary of State Hillary Clinton. The Office of Bar Counsel thereafter informed Mr. Clevenger that it would not undertake an investigation of the allegations in his complaint because he had no personal knowledge of the allegations presented and was not an aggrieved party or client.

Mr. Clevenger filed a petition for writ of mandamus in the Circuit Court for Anne Arundel County, seeking to compel Bar Counsel to open an investigation into the alleged misconduct of the named attorneys. The Attorney Grievance Commission and Bar Counsel (collectively, "the Commission") filed motions to dismiss the petition and to seal the case to protect the confidentiality of the complaint and responses. Mr. Clevenger opposed both motions. The circuit court granted the motion to seal and denied the Commission's motion to dismiss the petition. Following a hearing on the merits of the mandamus petition, the circuit court ordered the Commission to investigate the allegations presented in the complaint. The circuit court also vacated its previous order sealing the case.

We granted a writ of certiorari to determine whether, before reaching the merits of the case, the circuit court had jurisdiction to entertain the petition for writ of mandamus. For the reasons that follow, we hold that because this Court has original and exclusive

jurisdiction over attorney disciplinary matters, of which Bar Counsel's decision to investigate a complaint is a part, the circuit court was without jurisdiction to consider and grant the mandamus petition and to order Bar Counsel to conduct an investigation of the allegations in Mr. Clevenger's complaint.

## I.

## Facts and Procedural History

A. *The Initial Complaints*

Mr. Clevenger is a Texas-barred attorney residing in New York. On September 1, 2016, he sent a letter to the Attorney Grievance Commission of Maryland. In the letter, he alleged that three Maryland attorneys who had worked for former Secretary of State Clinton had engaged in inappropriate conduct that violated the Maryland Attorneys' Rules of Professional Conduct. Specifically, Mr. Clevenger alleged that the attorneys violated Rules 19-308.3, 19-303.4(a), and 19-308.4(c) by destroying evidence related to ongoing federal investigations, failing to report the misconduct of the other attorneys, and engaging in conduct involving dishonesty. The allegations appeared to Bar Counsel to be based solely on information derived from publicly available sources.

On September 7, 2016, Mr. Clevenger sent a second letter, supplementing his complaint with additional information that he obtained from publicly available sources and alleging a further rule violation by one of the attorneys. Nearly three weeks later, Deputy Bar Counsel Raymond A. Hein sent a letter to Mr. Clevenger declining to conduct an investigation. Mr. Hein's letter provided the following:

It appears that you have no personal knowledge of the allegations presented in your correspondence, nor are you a personally aggrieved client or party possessing material information that would assist this office in reviewing such allegations. Under these circumstances, we decline to conduct an investigation of the named attorneys with you designated as the complainant.

The Maryland Rules grant Bar Counsel authority to open a complaint on Bar Counsel's own initiative. Pursuant to Maryland Rule 19-707(b), the records of an investigation by Bar Counsel, including the existence and content of any complaint or response, are confidential. In accordance with that rule, we are unable to provide you with additional information.

By letter dated October 17, 2016, Mr. Clevenger replied, asserting that Bar Counsel's actions failed to comply with Maryland law because, in his view, Bar Counsel was required by rule to conduct an investigation. Mr. Clevenger also stated his belief that he had grounds to seek mandamus relief from the Court of Appeals. On October 24, 2016, Mr. Hein responded that Bar Counsel could not provide Mr. Clevenger with any further information.

B. *The Petition for Writ of Mandamus*

On December 20, 2016, Mr. Clevenger, proceeding without the assistance of a Maryland-barred attorney, filed in the Circuit Court for Anne Arundel County a Petition for Writ of Mandamus ("Petition"). He sought to have the circuit court compel Bar Counsel to conduct an investigation, arguing that then-effective Maryland Rule 19-711 required Bar Counsel to investigate every complaint that was not facially frivolous or unfounded. The Commission moved to dismiss the Petition for lack of jurisdiction, among other grounds. It asserted that the Court of Appeals retains original and complete jurisdiction over all attorney disciplinary matters.

The circuit court denied the Commission's motion to dismiss on July 25, 2017. On September 11, 2017, the court held a hearing on the merits. After hearing argument, the circuit court found that it had jurisdiction over the subject matter of the Petition because it was not yet an attorney disciplinary matter and, thus, was not within the original and exclusive jurisdiction of the Court of Appeals. The judge further ruled that Rule 19-711 required Bar Counsel to investigate every complaint that was not frivolous, and Bar Counsel had made no claim or showing that Mr. Clevenger's complaint was frivolous. At the close of the hearing, the circuit court indicated that it would order Bar Counsel to conduct an investigation. By a written order dated September 22, 2017, the court granted the Petition and ordered the Commission to investigate the allegations presented in Mr. Clevenger's complaint.

C. *The Appeal*

The Commission noted an appeal to the Court of Special Appeals and a separate appeal to this Court. The Commission also filed a petition for writ of certiorari and a motion to stay the circuit judge's order. Mr. Clevenger submitted a cross-petition. We granted the Commission's petition, denied Mr. Clevenger's cross-petition, and granted the motion to stay. *Attorney Grievance Comm'n v. Clevenger*, 456 Md. 254 (2017).

## Discussion

A. *The Parties' Contentions*

The Commission argues that the circuit court lacked jurisdiction to consider a mandamus petition related to attorney discipline.[1]  The Commission begins with several bedrock principles:  First, "the power which a court possesses to hear and determine cases" is prescribed by "applicable constitutional and statutory pronouncements."  *First Federated Commodity Tr. Corp. v. Comm'r of Sec.*, 272 Md. 329, 335 (1974) (citations omitted).  Second, "[i]f, by the law that defines the authority of the court, a judicial body is given the power to render a judgment over that class of cases within which a particular case falls, the court has subject matter [or fundamental] jurisdiction."  *John A. v. Bd. of Educ. for Howard Cty.*, 400 Md. 363, 388 (2007) (citing *First Federated Commodity Tr. Corp.*, 272 Md. at 335).  Third, where a particular court is vested with exclusive jurisdiction over a subject matter, no claim arising out of that subject matter or "class of controversies" may be heard by a different court.  *First Federated Commodity Tr. Corp.*, 272 Md. at 335.

The Commission notes that the Maryland Constitution empowers circuit courts to "hear and decide all cases at law and in equity," except cases in which "by law jurisdiction has been limited or conferred exclusively upon another tribunal."  *St. Joseph Med. Ctr., Inc. v. Turnbull*, 432 Md. 259, 274 (2013) (quoting *First Federated Commodity Tr. Corp.*, 272 Md. at 335)); Md. Code Ann., Cts. & Jud. Proc. § 1-501.  Regulation of matters

---

[1] Because we decide this case on jurisdictional grounds, we need not recite the parties' arguments relating to the merits of the dispute.

pertaining to attorney discipline, the Commission argues, has been conferred exclusively upon the Court of Appeals, so circuit courts are powerless to hear those matters. The Commission looks to *In re Application of Kimmer*, 392 Md. 251 (2006), and *Attorney Grievance Commission v. Pak*, 400 Md. 567 (2007), to make the point. Since 1898, "the Court of Appeals has had exclusive jurisdiction over the regulation of, and admission to, the practice of law," *Kimmer*, 392 Md. at 269, and "has original and complete jurisdiction over all attorney disciplinary matters arising from the conduct of a member of the Maryland State Bar," *Pak*, 400 Md. at 599–600. In the Commission's view, "the investigation of a complaint alleging professional misconduct necessarily concerns an 'attorney disciplinary matter . . . arising from the conduct of a member of the Maryland State Bar'" because Bar Counsel's investigation is a "necessary predicate" either to the Commission taking action or to a disciplinary proceeding in the Court of Appeals. *See In re Application of Allan S.*, 282 Md. 683, 689 (1978) ("Upon this Court falls the primary and ultimate responsibility for regulating the practice of law and the conduct and admission of attorneys in this State.").

The Commission argues that this Court's "pervasive regulation of attorney conduct through its rulemaking authority" is further evidence that this Court's exclusive jurisdiction extends beyond merely rendering decisions in attorney disciplinary matters. The Commission points out that this Court has promulgated rules relating to the practice of law and legal ethics, created the Commission to administer attorney discipline, and vested Bar Counsel with exclusive responsibility to investigate and prosecute complaints of ethical rule violations. The Commission concludes that because the Court of Appeals is the sole

6

entity responsible for regulating the practice of law, controlling bar admissions, disciplining attorneys, and promulgating rules governing those areas, the circuit court necessarily impinged on that jurisdiction by entertaining a mandamus action concerning attorney discipline.

Mr. Clevenger does not dispute that this Court has original and exclusive jurisdiction over attorney disciplinary proceedings. Rather, he asserts that because Bar Counsel declined to conduct an investigation, no attorney disciplinary proceeding ever commenced. And, according to Mr. Clevenger, even if Bar Counsel had investigated his complaint, that action still would not constitute an attorney disciplinary proceeding. Mr. Clevenger appears to argue that an attorney disciplinary proceeding only commences upon Bar Counsel's filing of a Petition for Disciplinary or Remedial Action in the Court of Appeals under Maryland Rule 19-721. Mr. Clevenger avers that because no such petition was filed, the circuit court appropriately ordered Bar Counsel to investigate.

Mr. Clevenger further argues that the Commission mischaracterizes the *Kimmer* decision. The Commission, Mr. Clevenger argues, misreads *Kimmer* to mean that "the Court exercises exclusive jurisdiction over anything remotely related to admission or practice." Mr. Clevenger suggests that the *Kimmer* plaintiff sought a trial court order "that would effectively compel his admission to the bar." Here, by contrast, Mr. Clevenger sought merely to compel Bar Counsel to comply with a mandatory procedural rule that would not initiate an attorney disciplinary proceeding.

7

B. *Analysis*

It is beyond question that this Court has original and complete jurisdiction over attorney disciplinary proceedings. In *Pak*, a respondent attorney argued that the Court of Appeals was divested of jurisdiction in an attorney grievance case if a Peer Review Panel—formed under then-effective Rule 16-742 (now Rule 19-719)—recommended to the Commission that no action should be taken against the attorney. 400 Md. at 576. As did the circuit court at a hearing, we summarily rejected that argument, reaffirming that "[t]he Court of Appeals has original and complete jurisdiction over all attorney disciplinary matters arising from the conduct of a member of the Maryland State Bar." 400 Md. at 599–600 (citations omitted). This principle has long been established in our jurisprudence. *Attorney Grievance Comm'n v. James*, 385 Md. 637, 654 (2005) ("In proceedings involving attorney discipline, this Court has original and complete jurisdiction."); *Attorney Grievance Comm'n v. Powell*, 328 Md. 276, 287 (1992) (same); *Md. State Bar Ass'n v. Agnew*, 271 Md. 543, 553 (1974) (explaining that "prior to 1970 . . . we reviewed disciplinary actions only on appeal at the instance of the respondent-attorney[,] and since that date . . . we assumed original and complete jurisdiction over these proceedings").

As noted above, Mr. Clevenger does not dispute that this Court's jurisdiction encompasses the whole of attorney disciplinary proceedings. Rather, he challenges the premise that Bar Counsel's initial response to a complaint (whether it involves an investigation or not) is necessarily a part of an attorney disciplinary proceeding. Thus, we must determine whether—and if so, to what extent—actions taken by Bar Counsel prior to

8

the filing of a Petition for Disciplinary or Remedial Action in the Court of Appeals may fairly be considered a part of attorney disciplinary proceedings.

In *Kimmer*, an applicant for admission to the Maryland Bar sought an accommodation from the State Board of Law Examiners ("Board") pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, during the bar examination. 392 Md. at 257. The Board denied his initial request and subsequent internal appeal. *Id.* at 257–59. Four days before the bar examination, Kimmer filed in circuit court a motion for a temporary restraining order or preliminary injunction, in which he asked the court to require the Board to provide him with the accommodation. *Id.* at 259–60. The circuit court granted a temporary restraining order, finding in Kimmer's favor on all four factors,[2] including a likelihood of success on the merits. *Id.* at 260. The Board complied, and Kimmer received the accommodation during the examination. *Id.* at 261. After the examination, the Board informed Kimmer that it would not recommend his admission to the Maryland Bar until the merits of the dispute were resolved—i.e., until it was determined whether Kimmer was entitled under the ADA to an accommodation during the bar examination. *Id.*

Kimmer filed a motion for declaratory relief in the circuit court, in which "he, in effect, asked the [court] to make the temporary restraining order . . . permanent and, further,

---

[2] Courts in Maryland must consider and balance four factors in determining whether to issue a temporary restraining order: "(1) the likelihood that the plaintiff will succeed on the merits; (2) the 'balance of convenience' determined by whether greater injury would be done to the defendant by granting the injunction than would result from its refusal; (3) whether the plaintiff will suffer irreparable injury unless the injunction is granted; and (4) the public interest." *Kimmer*, 392 Md. at 260 n.13 (citations omitted).

for a ruling that the applicant be admitted to the Maryland Bar." *Id.* The Board opposed the motion, arguing that the circuit court lacked jurisdiction because the motion attempted to transform a temporary restraining order into permanent injunctive relief and was not accompanied by a proper complaint. *Id.* at 262. Before the circuit court ruled on the motion, the Board relayed to the Court of Appeals the names of the applicants who were successful on the bar examination. Kimmer was on the list. *Id.* The Board then filed an exception to Kimmer's admission, and in a subsequent letter to the Court, the Board argued that "[t]he qualification of an applicant for admission to the Bar is a matter which rests peculiarly within the jurisdiction of this Court." *Id.* at 263. The Court of Appeals stayed proceedings in the circuit court pending a resolution of the matter. *Id.*

After reviewing the history of the regulation of the practice of law in Maryland, *see id.* at 263–69 (citing *Attorney General v. Waldron*, 289 Md. 683 (1981)), this Court stated that "it has been clear, since 1898, that the Court of Appeals has had exclusive jurisdiction over the regulation of, and admission to, the practice of law." *Id.* at 269. We concluded that the circuit court "simply had no jurisdiction over any aspect of the applicant's bar admission, including the circumstances surrounding his bar examination," and therefore sustained the Board's exception. *Id.* at 269, 275.

We reach a similar conclusion here. In *Kimmer*, our "exclusive jurisdiction over the regulation of . . . the practice of law," *id.* at 269, included the ultimate decision whether to admit an applicant *and* the process by which applicants qualify to be admitted, *id.* at 278. By this same logic, our exclusive jurisdiction over "attorney disciplinary proceedings," if it includes the ultimate decision whether to discipline an attorney, must also include the

10

manner in which those proceedings are initiated. The idea that an "attorney disciplinary proceeding" only begins when Bar Counsel has filed a Petition for Disciplinary or Remedial Action does not exist in our case law or Rules. Admittedly, most of the language in our cases is couched in terms of the ultimate issues of attorney misconduct and sanctions. *See, e.g.*, *Attorney Grievance Comm'n v. Maignan*, 390 Md. 287, 292 (2005) ("Original jurisdiction over attorney discipline matters resides in the Court of Appeals. We determine, ultimately, whether an attorney has committed the misconduct charged by the Attorney Grievance Commission."). But other matters concerning attorney discipline, like how and whether Bar Counsel acts when a complaint is received, also "aris[e] from the conduct of a member of the Maryland State Bar." *Pak*, 400 Md. at 599–600; *id.* at 600 ("This Court is the ultimate arbiter of *any claims concerning attorney misconduct* in the State of Maryland." (emphasis added)).

Indeed, our Rules prescribe the roles of Bar Counsel and circuit court judges in attorney disciplinary matters. Our power to issue rules concerning practice and procedure in Maryland courts derives from the Maryland Constitution, Md. Const., art. IV, § 18(a), and the General Assembly has recognized our broad authority to regulate the practice of law, Cts. & Jud. Proc. § 1-201(a) ("The power of the Court of Appeals to make rules and regulations to govern the practice and procedure and judicial administration in that court and in the other courts of the State shall be liberally construed.").[3] This Court created the

---

[3] We have acknowledged that the General Assembly "may act pursuant to its police or other legitimate power to aid the courts in the performance of their judicial functions" and "establish minimum criteria for the learning and character of persons admitted to the bar of this State." *Waldron*, 289 Md. at 699; *see, e.g.*, Md. Code Ann., Bus. Occ. & Prof.

11

Attorney Grievance Commission and, subject to our approval, empowered it to appoint an attorney as Bar Counsel to investigate professional misconduct. Md. Rules 19-702, 19-703. In 1997, in response to an inquiry from the General Assembly regarding the rulemaking authority of the Court of Appeals, the Attorney General rendered an opinion touching on this Court's jurisdiction over the regulation of the practice of law:

> The Court of Appeals, in exercising its authority to regulate the practice of law and the discipline of attorneys, has the power to conduct a general investigation into the conduct and practices of attorneys whenever it has cause to believe that professional misconduct might have occurred.
>
> * * *
>
> The Commission is the prosecutorial arm of the Court, given the responsibility to supervise and administer the discipline of attorneys licensed to practice in this State. The Commission, therefore, acts as the means by which the Court of Appeals controls the practice of law in Maryland.

82 Md. Op. Att'y Gen. 23, 26–27 (1997). Because this Court, through Bar Counsel, has the exclusive power to conduct an investigation, a question about whether an investigation was properly conducted or declined under the relevant Rule—which we created and administer—is one that only this Court may consider.

---

§ 10-103(a) ("[T]he Court of Appeals shall adopt rules that govern the standards and procedures for admission to the Bar."); Cts. & Jud. Proc. § 13-301 ("To aid in the exercise of its rulemaking powers, the Court of Appeals may appoint a standing committee of lawyers, judges, and other persons competent in judicial practice, procedure or administration."). *See generally Kimmer*, 392 Md. at 267 n.20. In this regard, we were careful to note:

> There can be no doubt, however, that the deferential respect accorded the legislative branch by the judicial must neither undermine nor dilute the fundamental authority and responsibility vested in the judiciary to carry out its constitutionally required function, an aspect of which, as we have seen, is the supervision of practicing attorneys.

*Waldron*, 289 Md. at 699.

Mr. Clevenger claims that he seeks only to compel the Commission to "comply with a procedural rule." The applicant in *Kimmer* advanced a similar argument. 392 Md. at 270 ("[The applicant] says[] he merely used appropriate legal process to obtain 'valid enforcement of his federal ADA rights,' *i.e.* injunctive relief."). We rejected it there because the type of relief the applicant sought was inconsequential; it mattered only that he sought relief with respect to a bar admissions matter. *Id.* at 271. Here, as in *Kimmer*, this Court will not "relinquish[] our exclusive power over" attorney disciplinary matters "to any degree or extent." *Id.* at 278. We do not share concurrent jurisdiction over bar admission matters with the circuit courts, *id.* at 271–73, nor do we share it over attorney disciplinary matters.

Having decided that Bar Counsel's initial decision to investigate—or not—is within the scope of an "attorney disciplinary proceeding," we hold that the circuit court lacked jurisdiction to consider, let alone to grant, the petition for writ of mandamus.

## III.

## Conclusion

For the reasons stated above, we hold that the Circuit Court for Anne Arundel County lacked jurisdiction to consider the petition for writ of mandamus because the Court of Appeals retains original and complete jurisdiction over attorney disciplinary proceedings. As such, we do not address the second question presented, which assumes the circuit court had jurisdiction to address the Petition.

**JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY REVERSED; CASE**

13

**REMANDED TO THAT COURT WITH THE DIRECTION TO DISMISS THE PETITION. COSTS TO BE PAID BY APPELLEE.**

14